UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUANTANAMERA CIGAR CO.,
A Florida Corporation,
Residence address of: 285 NW 27 Avenue,
Miami, Florida 33125,

    Plaintiff
(appellant of TTAB decision),
v.

CORPORACION HABANOS, S.A.
A Cuban Entity Jointly Owned by the Cuban Government and a Spanish Entity Known as Altadis, S.A.,
Residence address of: Avenida 3ra, No. 2006 Miramar, Havana, Cuba,

    Defendant
(appellee of TTAB    decision).
_____/

CASE NO:

08-721 (RCL)

## PLAINTIFF'S NOTICE OF FILING/COMPLIANCE WITH APRIL 30, 2008 ORDER (D.E. 2)

Plaintiff, Guantanamera Cigar Company (hereinafter "Guantanamera", "Plaintiff", or "Applicant"), hereby files this Notice of Compliance with this Court's April 30, 2008 Order (D.E. 2). The Court pointed out that Plaintiff overlooked Local Rule 5.1(e)(1) and Local Rule 7.1. This oversight is regrettable. However, Plaintiff hereby provides notice that it is filing: (1) an amended complaint which comports with the requirements of Local Rule 5.1(e)(1); and (2) its Disclosure of Corporate Affiliations and Financial Interests ("Certificate Rule LCvR 7.1").

1

Respectfully submitted,

By: _s/LISA KAUFMAN____
Lisa N. Kaufman, Esq.
D.C. Bar No. 35166
Admitted to U.S.D.C. D.C.
3408 Rebecca Jane Way
Alexandria, Virginia 22310
Tel.: (703) 960-0805
Fax.: (703) 960-0805*51
Email: lnktm@verizon.net

And

Frank Herrera
Florida Bar No. 494801
Email: fherrera@rra-law.com
Gustavo Sardiña
Florida Bar No.: 31162
Email: gsardina@rra-law.com
JanPaul Guzman
Florida Bar No.: 16064
Email: jpguzman@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8863
*To be admitted pro hac vice*

## CERTIFICATE OF FILING

I HEREBY CERTIFY that the original of this document was filed with the COURT via CM/ECF on this __5___ day of May, 2008.

By: _s/LISA N. KAUFMAN_____
Lisa N. Kaufman, Esq.
D.C. Bar No. 35166

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document and any attachments will be served on Defendant or counsel for Defendant once service of the complaint has been effected.

By: _s/LISA N. KAUFMAN_____
Lisa N. Kaufman, Esq.
D.C. Bar No. 35166

CO-386-online
10/03

# United States District Court
# For the District of Columbia

Guantanamera Cigar Co.            )
                                  )
                                  )
                                  )
            vs    Plaintiff       )    Civil Action No. 08-721 (RCL)
                                  )
Corporacion Habanos, S.A.         )
                                  )
                                  )
                  Defendant       )

### CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for __Plaintiff__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __Guantanamera Cigar Co.__ which have any outstanding securities in the hands of the public:

**NONE**

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_Lisa N. Kaufman_
Signature

__351866__
BAR IDENTIFICATION NO.

Lisa N. Kaufman, Esq.
Print Name

__3408 Rebecca Jane Way__
Address

__Alexandria, Virginia 22310__
City          State          Zip Code

__(703) 960-0805__
Phone Number

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUANTANAMERA CIGAR CO.,
A Florida Corporation,
Residence address of: 285 NW 27 Avenue,
Miami, Florida 33125,

    Plaintiff
(appellant of TTAB decision),
v.

CORPORACION HABANOS, S.A.
A Cuban Entity Jointly Owned by the Cuban Government and a Spanish Entity Known as Altadis, S.A.[1],
Residence address of: Avenida 3ra, No. 2006 Miramar, Havana, Cuba,

    Defendant
(appellee of TTAB   decision).
_____/

CASE NO:

08-721 (RCL)

## AMENDED COMPLAINT/APPEAL FROM UNITED STATES PATENT AND TRADEMARK OFFICE TRADEMARK TRIAL AND APPEAL BOARD DECISION

Plaintiff, Guantanamera Cigar Company (hereinafter "Guantanamera", "Plaintiff", or "Applicant"), sues Defendant, Corporacion Habanos, S.A. (hereinafter "Habanos", "Defendant" or "Opposer") or otherwise seeks appeal of an Order entered by the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("T.T.A.B.") and alleges:

---

[1] Pursuant to 15 U.S.C. 1071(b)(4), "any party in interest may become a party to the action." While, Altadis, S.A. is not currently being made a party, Plaintiff reserves its right to bring Altadis, S.A. into the action, should it become necessary.

**BASIS OF LAW FOR APPEAL**

1. This is an action for *de novo* review of an Order entered on February 29, 2008 by the T.T.A.B., an administrative agency of the United States Patent and Trademark Office ("P.T.O."). See Exhibits A & B.

2. A party "dissatisfied with the decision of the TTAB . . . may . . . have remedy by civil action." 15 U.S.C. §1071(b)(1). The request for an appeal may be brought within sixty (60) days of such a decision, thus this action is timely as the deadline to file this appeal is April 29, 2008.

3. This court has jurisdiction and venue over this petition for review under 15 U.S.C. §1071(b).

4. By way of background, an appeal to a United States District Court of a P.T.O. factual determination is both an appeal and new action, which allows parties to request additional relief and to submit new evidence. CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660 (7th Cir. 2001) (citing Spraying Sys. Co. v. Delavan, Inc., 975 F.2d 387, 390 (7th Cir. 1992)). As such, this District Court sits in a dual capacity. It is the appellate reviewer of facts found by the T.T.A.B. and is also a fact-finder based on new evidence introduced to the court. 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §21:20, at 21-26.

5. The United States District Court for the District of Columbia is the appropriate District Court in so much as Habanos is a foreign entity. See 15 U.S.C. 1071(b)(4).

6. The proper standard of judicial review of findings of fact made by the T.T.A.B. is not the stricter "clearly erroneous" standard but rather the slightly more deferential "substantial evidence" standard of the Administrative Procedure Act ("A.P.A."), 5 U.S.C. §706. Dickinson v. Zurko, 527 U.S. 150 (1999).

7. Section 706 of the A.P.A. sets forth the standards governing the scope of judicial review of agency fact finding: The reviewing court shall –

> (2) hold unlawful and set aside agency . . . findings . . . found to be –
>
>> (A) **arbitrary, capricious**, [or] an abuse of discretion, or …
>>
>> (E) **unsupported by substantial evidence** in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute . . .
>
> In making the foregoing determinations, the court shall review the whole record or those parts of its cited by a party . . .

5 U.S.C. §706.

8. The Supreme Court has described the A.P.A. "court/agency 'substantial evidence' standard as requiring a court to ask whether a 'reasonable mind might accept' a particular evidentiary record as 'adequate to support a conclusion'." Zurko, 527 U.S. at 162 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Further, the Supreme Court has suggested that this standard is less strict then the court/court "clearly erroneous" standard. Id. (citing Universal Camera Corp. v. NLRB, 340 U.S 474, 477 (1946)).

9. Under 15 U.S.C. §1071(b)(1), Plaintiff/Applicant not only seeks to introduce the evidence which the T.T.A.B. originally excluded but also new evidence by way of discovery in this proceeding that will further bolster its position and show that only a small portion of the relevant consuming public (if any at all) associates the primary significance of the mark "GUANTANAMERA" as being anything other than a famous song of the same name.

## THE PARTIES

10. Guantanamera is a Florida corporation doing business at 285 NW 27 Avenue, Miami, Florida 33125. Since at least as early as May, 1998, Guantanamera has been doing business in Miami-Dade County, Florida and throughout the United States.

11.     Guantanamera has used the distinct and arbitrary term "GUANTANAMERA" as a trademark for use in connection with tobacco, namely, cigars in interstate commerce since at least as early as 1997.

12.     Habanos is a company organized under the laws of Cuba with its principal place of business at Avenida 3ra, No. 2006 Miramar, Havana, Cuba. Habanos is a venture company composed of an agency of the Republic of Cuba and a foreign Spanish entity known as Altadis, S.A.

## BACKGROUND OF THE DISPUTE

13.     After having used its trademark in commerce since at least as early as 1997, Applicant filed its Federal Trademark Application Serial No. 76/256,068 for the term "GUANTANAMERA" for use in connection with tobacco, namely cigars, on May 14, 2001.

14.     On April 24, 2002 the P.T.O. approved Applicant's Trademark Application for publication. Approval for publication of Applicant's trademark application was accomplished without an objection by the Trademark Examiner assigned to the application.

15.     On June 12, 2002, Habanos filed a Notice of Opposition alleging, among other grounds,[2] that Applicant's applied for mark was primarily geographically deceptively misdescriptive, and in so doing initiated Opposition Proceeding No. 91,152,248 before the T.T.A.B.

---

[2] Opposer original "Notice of Opposition" contained the following counts: (1) Count I, the applied for mark by Applicant is primarily geographically deceptively misdescriptive within the meaning of Section 2(e)(3) of the Lanham Act. Notice of Opposition, p. 9; (2) Count II, the applied for mark by Applicant is deceptive within the meaning of Section 2(a) of the Lanham Act. Notice of Opposition, p. 10; and (3) Count III, the Applicant committed fraud on the Trademark Office during the application process because (a) Applicant did not have a bona fide use of the applied for mark. Notice of Opposition, p. 9; and (b) Applicant should have provided the Trademark Office with a translation of the trademark. Notice of Opposition, pp. 10-11. The issue relating to Count III as to Fraud on the Trademark Office relating to bona fide intent to use the mark was decided at the Summary Judgment stage. The February 29, 2008 Order appealed from here today only decided Count I, finding no need to decide Count II as it was encompassed by Count I, and finding no need to decide Count III as to fraud relating to the translation.

16.     Applicant denied the salient allegations and objected to Opposer's standing to bring such an action. Litigation ensued over the course of six (6) years.

17.     On February 29, 2008, the T.T.A.B. issued an order [marking that order as "this opinion is precedent of the T.T.A.B."] and improperly found that Applicant's applied-for mark is primarily geographically deceptively misdescriptive and refused registration of Applicant's applied for mark. See Exhibit A.

18.     The T.T.A.B. also found that Opposer established standing. The basis for such a finding was due in part to Section 515.527 of the Cuban Assets Control Regulations, 31 C.F.R. Part 515. This regulation contravenes federal statutes and common law that have long established that trademark rights arise in the United States through use of the mark in United States commerce. This regulation creates a fiction of law excusing Cuban entities from establishing use of a trademark in the United States. It therefore creates a further extension of that fiction of law by providing "standing" for a Cuban entity to "file an opposition to the registration of a new trademark … where these actions relate to the protection of a trademark in which Cuba … has an interest." Id.

19.     On that same day, the T.T.A.B. also issued a separate evidentiary order, [marking that order as "this opinion is not precedent of the T.T.A.B."], and improperly overruled many of Applicant's evidentiary objections. See Exhibit B.

20.     In what commentators have called a first, the T.T.A.B. issued two orders relating to the same Opposition, one precedent of the T.T.A.B., while the other is not precedent of the T.T.A.B. See Exhibit C. This was also an error by the T.T.A.B.

## LAW OF TRADEMARKS THAT ARE PRIMARILY GEOGRAPHICALLY DECEPTIVELY MISDESCRIPTIVE

21. Under 15 U.S.C. §1052(e)(3) a trademark that "when used in connection with the goods of the applicant is primarily geographically deceptively misdescriptive of them" is not registrable with the United States Patent and Trademark Office.

22. A trademark is considered "primarily geographically deceptively misdescriptive" if: (1) the primary significance of the mark is a generally known geographic location; (2) the consuming public is likely to believe the place identified by the mark indicates the origin of the goods bearing the mark, when in fact the goods did not come from that place (hereinafter referred as the "goods/place association"); and (3) the misrepresentation was a material factor in the consumer's decision. See In re California Innovations, Inc., 329 F. 3d 1334, 1341 (Fed. Cir. 2003).

23. The question of whether Applicant's trademark "GUANTANAMERA" is primarily geographically deceptively misdescriptive of Applicant's cigar goods is a question of fact. In re Compagnie Generale Maritime, 993 F.2d 841, 845 (Fed. Cir. 1993) ("Whether a mark is primarily geographically descriptive or deceptively misdescriptive is a question of fact."). This court cannot uphold the T.T.A.B.'s factual findings in the instant matter since "they are unsupported by substantial evidence." See In re California Innovations, Inc., 329 F. 3d at 1334 (quoting Recot, Inc. v. M.C. Becton, 214 F.3d 1322, 1327 (Fed. Cir. 2000)).

24. The T.T.A.B.'s February 29, 2008 Order/factual findings are unsupported by substantial evidence. The "substantial evidence" standard is, as discussed *supra* "considered to be less deferential and requires stricter judicial review of T.T.A.B. fact finding." 3 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition, § 21:22.1; see also Pro-Football v. Harjo, 284 F. Supp.2d 96, 125-126 (D.D.C. 2003) (the District Court set aside the T.T.A.B.'s

factual finding because it concluded that "the T.T.A.B.'s finding that the marks at issue 'may disparage' Native Americans is unsupported by substantial evidence, is logically flawed, and fails to apply the correct legal standard to its own findings of fact.")

25.     In determining that the Applicant's applied for mark is primarily geographically deceptively misdescriptive, the T.T.A.B. failed to identify the relevant consumers. In its factual finding the T.T.A.B. described the relevant consuming public as consisting of Cubans, Cuban-Americans, Spanish speaking Americans or Non-Spanish Speaking Americans. As such, without first ascertaining the relevant consuming public, it is very difficult, if not impossible to determine the primary significance of the mark. In any event, the complete absence of evidence to identify the correct relevant consuming public demands a finding that Opposer has failed to prove this aspect of its case.

26.     During the T.T.A.B. proceeding Applicant submitted substantial evidence not only to buttress its claim that the primary significance of the term "GUANTANAMERA" to the relevant consuming public refers to the title of a song but also to rebut Opposer/Habanos' claim that the primary significance of the mark is to "a female from Guantanamo."

27.     In fact, Opposer's own packaging of its infringing[3] "GUANTANAMERA" product bears an image of a guitar which reinforces the primary significance of the term as relating to the title of a song which is traditionally accompanied by a guitar.

28.     In fact, Opposer's own website, located at www.habanos.com indicates that the term "'Guantanamera' is the title of the famous song …" This reinforces Applicant's position

---

[3] While this is not an action for trademark infringement, Plaintiff reserves its right to bring a separate federal action against Habanos and others for its sale of cigars bearing the trademark as found on the Internet. Specifically, Habanos has either directly or indirectly by way of willful blindness sold their version of the "GUANTANAMERA" cigar brand to United States consumers.

that the primary significance of the term to the relevant consuming public refers to the title of a song, and not as a reference to a geographic location.

29.     In fact, Opposer's own products bearing "GUANTANAMERA" do not come from Guantanamo, but rather are "machine made at a modern factory recently created in Havana." Thus, Habanos' own arguments that the term immediately conveys that the product comes from Guantanamo (or otherwise leads consumers to believe that there is a goods/place association), is belied by its own marketing material.

30.     The T.T.A.B. erred in stating that because some of the relevant consuming public speaks or understands Spanish and that this small segment of the relevant class of consumers might understand the term "GUANTANAMERA" to mean "a female from Guantanamo," that all or most consumers (whether or not they understand Spanish) would recognize the term to have such a meaning.

31.     Further, despite Applicant's evidence and claims that the primary significance of the term "GUANTANAMERA" relates to a song, the Opposer argued and the T.T.A.B. incorrectly found that the average consumer will engage in a multi-step analysis of the term "GUANTANAMERA" to make the connection between "GUANTANAMERA" and Guantanamo Bay, Cuba. For example, according to Opposer and the T.T.A.B., the average consumer encountering the term "GUANTANAMERA" will automatically know that it refers to a "female from Guantanamo" and "of or from Guantanamo" and know the significance of the "era" ending within a Spanish term and then somehow arrive at the conclusion that the term "GUANTANAMERA" refers to Guantanamo Bay, Cuba. However, the average consumer will not engage in this multi-step analysis but merely concluded that the primary significance of the

term "GUANTANAMERA" is to a song. See In re Nantucket, 677 F.2d 95, 97-98 (CCPA 1982) (court found that the term must be a "readily recognizable geographic meaning.")

32. The T.T.A.B. also erred in giving weight to Opposer's "expert witness," Flora Gonzalez, because as stated in the T.T.A.B.'s opinion, Ms. Gonzalez's apparent area of expertise is in Cuban literature and Cuban writers. While she may have been a qualified expert for assessing the primary significance of the term "GUANTANAMERA" to cigar consumers residing in Cuba, she is not qualified as an expert to speak of the primary significance of the term "GUANTANAMERA" to the relevant class of consumers in the United States. Further, Opposer's "expert witness" Flora Gonzalez's testimony should have been given no evidentiary weight since she admitted to have a professional relationship with Opposer's law firm and is otherwise biased in favor of the government of Cuba for its *quid pro quo* treatment of her and her family members, who until recently, were unable to leave Cuba. As an "expert" in Cuban literature and Cuban writers, Ms. Gonzalez is clearly concerned about keeping her relationships with the government of Cuba in tact so as to assure that she can freely travel to and from Cuba.

33. Moreover, assuming *arguendo* that Opposer did establish that the primary significance of the term "GUANTANAMERA" was Guantanamo, which Applicant contends was not established, it would still be insufficient to prove that the term "GUANTANAMERA" is primarily geographically deceptively misdescriptive because Guantanamo is not known for its tobacco products. Opposer has not produced any evidence to illustrate that "the goods like applicant's goods or related to applicant's goods are a principal product of the geographical area named by the mark." In re House of Windsor, 221 U.S.P.Q. 53, 57 (T.T.A.B. 1983).

34. Regarding the goods/place association prong in determining whether Applicant's applied for mark is primarily geographically deceptively misdescriptive, the T.T.A.B. erred in

9

determining that Opposer provided "substantial evidence" to support its claim that the consuming public is likely to believe that Applicant's cigars originate in Guantanamo, Cuba. The only evidence cited by the T.T.A.B. linking tobacco production to Guantanamo is the deposition of Mr. Morejon, Opposer's vice-president. See Opinion Pg. 18. Applicant objected to any testimony from Mr. Morejon as he is not personally subject to the perjury laws of the United States, is clearly biased in support of his employer Opposer and the Government of Cuba, and is otherwise an untrustworthy witness. The remainder of the evidence cited by the T.T.A.B. discusses the province of Oriente, eastern Cuba, western Cuba, Vuelta Abajo and Vuelta Ariba as the regions where tobacco is grown. Nonetheless, Opposer's claim that since Guantanamo is part of the former province of Oriente and Oriente is known for its tobacco production, the average consumers will make the connection between tobacco and Guantanamo. However, this is pure supposition as Opposer did not provide any evidence to establish this connection. In any event, this multi-step analysis is simply ridiculous and not what is contemplated by 15 U.S.C. §1052(e)(3) and the case law interpreting same.

35.     Not only did the Opposer not provide sufficient evidence to support a goods/place association, Opposer failed to provide sufficient evidence to support the T.T.A.B.'s finding that the misrepresentation is a material factor in the consumer's decision to purchase the cigars. In making this determination, the T.T.A.B. simply inferred that the misrepresentation was material by relying on the goods/place association, which was not established, and Opposer's evidence establishing Cuba's renown and reputation for high quality cigars. This inference is insufficient to prove the third element because according to the court in In re California Innovations, NAFTA and the amended Lanham Act placed an emphasis on actual misleading of the public. In re California Innovations, 329 F.3d at 1340 ("The relatively easy burden of showing a naked goods-

place association without proof that the association is material to the consumer's decision is no longer justified.")(emphasis added). Not only is there insufficient evidence to support the T.T.A.B.'s factual finding, the record is completely devoid of any evidence illustrating that this alleged misrepresentation is a material factor in the consumer's decision to purchase cigars. 15 U.S.C. §1053(e)(3) requires proof of deception with the consequence of non-registrability. See In re California Innovations Inc., 329 F.3d at 1340. There is a complete absence of evidence in the record that anyone was deceived.

## COUNT I
## APPEAL OF THE T.T.A.B.'S DECISION; PLAINTIFF'S TRADEMARK IS NOT PRIMARILY GEOGRAPHICALLY MISDESCRIPTIVE UNDER SECTION 2(e)(3) OF THE LANHAM ACT

36.     The T.T.A.B.'s finding that Applicant's applied for mark "GUANTANAMERA" was primarily geographically deceptively misdescriptive was not supported by substantial evidence, it should be reversed.

37.     The T.T.A.B.'s finding that "the primary significance of the mark is a generally known geographic location" was not supported by substantial evidence, it should be reversed.

38.     The T.T.A.B.'s finding that there is a "good-place association" between Applicant's use of its mark and the City of Guantanamo, Cuba was not supported by substantial evidence, it should be reversed.

39.     The T.T.A.B.'s finding that there was a "misrepresentation" and that this "misrepresentation was a material factor in the consumer's decision to purchase cigars" was not supported by substantial evidence, it should be reversed.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201

40.     Plaintiff seeks a declaratory judgment from this Court that its applied for mark is suitable for Federal Registration with the United States Patent and Trademark Office.

11

41.  Plaintiff seeks a declaratory judgment that its common law rights in its trademark "GUANTANAMERA" as used in connection with tobacco, namely cigars, dating back to at least as early as 1997 are fully enforceable.

42.  There is presently before this Court and actual controversy such that this Court has jurisdiction to entertain a request for a declaratory judgment.

43.  28 U.S.C. §2201(a) reads in part as follows:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights or other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

44.  Plaintiff is entitled to a judicial determination of its trademark rights as well as any judicial determination regarding the issues surrounding this dispute with Defendant.

## COUNT III
## APPEAL OF T.T.A.B.'S DECISION THAT OPPOSER HAD STANDING TO OPPOSE

45.  The Plaintiff appeals or otherwise seeks a declaratory judgment that the Opposer never had standing to oppose Applicant's mark.

46.  Section 515.527 of the Cuban Assets Control Regulations, 31 C.F.R. Part 515 is a federal regulation promulgated to deal with the unique circumstances that relate to the Cuban Embargo.

47.  This regulation contravenes federal statutes and common law that have long established that trademark rights arise in the United States through use of the mark in United States commerce.

48.  This regulation creates a fiction of law excusing Cuban entities from establishing use of a trademark in the United States.

49.    This regulation therefore creates a further extension of that fiction of law by providing "standing" for a Cuban entity to "file an opposition to the registration of a new trademark … where these actions relate to the protection of a trademark in which Cuba … has an interest." Id.

   **WHEREFORE**, Plaintiff/Applicant, GUANTANAMERA, demands:

   (a)   Judgment reversing the finding of the T.T.A.B.'s February 29, 2008 Order on the merits;

   (b)   Judgment reversing portions of the T.T.A.B.'s February 29, 2008 evidentiary Order which overruled certain of Applicant's evidentiary objections;

   (c)   An order vacating the T.T.A.B.'s February 29, 2008 Order on the merits;

   (d)   An order vacating the T.T.A.B.'s February 29, 2008 evidentiary Order;

   (e)   Judgment that Applicant is entitled to register its applied for mark, Serial No. 76/256,068 for "GUANTANAMERA" for use in connection with "tobacco, namely, cigars;"

   (f)   Judgment that Applicant is the rightful owner of the common law trademark rights in "GUANTANAMERA" in the United States as applied to goods and services such tobacco, namely, cigars;

   (g)   Judgment or other declaration that Opposer never had standing to file the underlying opposition proceeding;

   (h)   Judgment that Section 515.527 of the Cuban Assets Control Regulations, 31 C.F.R. Part 515 contravenes federal statutes; and

   (i)  Such other relief as this Court finds appropriate.

              Respectfully submitted,

         By:  _s/LISA KAUFMAN____
             Lisa N. Kaufman, Esq.
             D.C. Bar No. 35166
             Admitted to U.S.D.C. D.C.
             3408 Rebecca Jane Way
             Alexandria, Virginia 22310
             Tel.: (703) 960-0805
             Fax.: (703) 960-0805*51
             Email: lnktm@verizon.net

             And

             Frank Herrera
             Florida Bar No. 494801
             Email: fherrera@rra-law.com
             Gustavo Sardiña
             Florida Bar No.: 31162
             Email: gsardina@rra-law.com
             JanPaul Guzman
             Florida Bar No.: 16064
             Email: jpguzman@rra-law.com
             ROTHSTEIN ROSENFELDT ADLER
             401 East Las Olas Blvd., Suite 1650
             Fort Lauderdale, Florida 33301
             Telephone: (954) 522-3456
             Facsimile: (954) 527-8863
             *To be admitted pro hac vice*

## **CERTIFICATE OF FILING**

I HEREBY CERTIFY that the original of this document was filed with the COURT via

CM/ECF on this __5___ day of May, 2008.

         By:  _s/LISA N. KAUFMAN_____
             Lisa N. Kaufman, Esq.
             D.C. Bar No. 35166

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document and any attachments will be served on Defendant or counsel for Defendant once service of the complaint has been effected.

By:   _s/LISA N. KAUFMAN_____
      Lisa N. Kaufman, Esq.
      D.C. Bar No. 35166