UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUANTANAMERA CIGAR CO.,             :

                 Plaintiff,          :           **CASE NO.**

                    :

         v.                 :          08-721 (RCL)

                    :

CORPORACION HABANOS, S.A.,        :
Residence address:  Avenida 3ra, # 2006, e/20 y 22 :
Miramar, Havana, Cuba               :

                    :

            Defendant.        :

---

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT/APPEAL FROM UNITED STATES PATENT AND TRADEMARK OFFICE TRADEMARK TRIAL AND APPEAL BOARD DECISION

Defendant, Corporacion Habanos, S.A. ("Habanos, S.A." or "Defendant"), by and

through its undersigned counsel, hereby answers the "Amended Complaint/Appeal" filed by

Plaintiff Guantanamera Cigar Co. ("Plaintiff"), and states as follows:

1.        Admits the allegations in Paragraph 1 that the Trademark Trial and Appeal Board

("TTAB") is an administrative agency of the United States Patent and Trademark Office

("USPTO"), and that the TTAB issued Opinions and Orders on February 29, 2008, which are

attached to Plaintiff's Amended Complaint/Appeal, and otherwise denies the allegations in

Paragraph 1.

2.        The allegations in Paragraph 2 consist of legal claims or arguments to which no

response is required.  To the extent a response is required, those allegations are denied as

incomplete and/or inaccurate statements of the relevant law.  Defendant admits that the deadline

for Plaintiff to file an appeal or civil action was April 29, 2008.

3.      Admits the allegation in Paragraph 3 that this Court has subject matter jurisdiction and venue, and denies that Plaintiff's Amended Complaint/Appeal is a "petition for review."

4.      The allegations in Paragraph 4 consist of legal claims or arguments to which no response is required. To the extent a response is required, those allegations are denied as incomplete and/or inaccurate statements of the relevant law.

5.      The allegations in Paragraph 5 consist of legal claims or arguments to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge as to what Plaintiff means by this Court "is the appropriate District Court," and therefore denies the same. Defendant admits that it is a foreign corporation.

6.      The allegations in Paragraph 6 consist of legal claims or arguments to which no response is required. To the extent a response is required, those allegations are denied as incomplete and/or inaccurate statements of the relevant law.

7.      The allegations in Paragraph 7 consist of legal claims or arguments to which no response is required. To the extent a response is required, those allegations are denied as incomplete and/or inaccurate statements of the relevant law.

8.      The allegations in Paragraph 8 consist of legal claims or arguments to which no response is required. To the extent a response is required, those allegations are denied as incomplete and/or inaccurate statements of the relevant law.

9.      Defendant is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph 9 as to what evidence Plaintiff seeks to introduce, and therefore denies the same, and Defendant otherwise denies the allegations in Paragraph 9.

10.     Defendant is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph 10, and therefore denies the same.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant admits the allegations in the first sentence of Paragraph 12, and denies the remaining allegations in Paragraph 12.

13.     Defendant denies the allegations in Paragraph 13 as to when Plaintiff "used its trademark in commerce," and otherwise admits the allegations in Paragraph 13.

14.     Defendant admits that the USPTO issued a Notice of Publication for the referenced application on April 24, 2002, and otherwise denies the allegations in Paragraph 14.

15.     Defendant admits the allegations in the text of Paragraph 15, and denies the allegations in footnote 2 to Paragraph 15, which incompletely purport to summarize various documents, which documents speak for themselves.

16.     Defendant is without sufficient knowledge as to what Plaintiff means by the "salient allegations," in Paragraph 16, and therefore denies the allegations as to the same, and further states that the Notice of Opposition and Answer speak for themselves, and Defendant otherwise denies the remaining allegations in Paragraph 16.

17.     Defendant denies the allegation in Paragraph 17 that the TTAB acted "improperly" or that the referenced decision was in any way improper, and otherwise admits the allegations in Paragraph 17, and further states that the TTAB decision speaks for itself (submitted as Exhibit A to the Amended Complaint/Appeal).

18.     Defendant admits the allegations in the first sentence of Paragraph 18, and further states that the referenced TTAB decision speaks for itself. The remainder of the allegations in Paragraph 18 consists of legal arguments to which no response is required. To the extent a response is required, those allegations are denied as incomplete and inaccurate statements of the TTAB Opinion.

19.     Defendant denies the allegation in Paragraph 19 that the TTAB acted "improperly" or that the referenced decision was in any way improper, and otherwise admits the allegations in Paragraph 19, and further states that the TTAB decision speaks for itself (submitted as Exhibit B to the Amended Complaint/Appeal).

20.     Defendant admits the allegation in Paragraph 20 that the TTAB issued two orders relating to the same Opposition, one precedent of the TTAB and the other not precedent. The remainder of the allegations in Paragraph 20 consist of legal arguments to which no response is required. To the extent a response is required, those allegations are denied.

21.     The allegations in Paragraph 21 consist of legal claims or arguments to which no response is required. To the extent a response is required, the quotation misquotes 15 U.S.C. § 1052(e)(3).

22.     The allegations in Paragraph 22 consist of legal claims or arguments to which no response is required. To the extent a response is required, the relevant case law controls, and to the extent the allegations in Paragraph 22 are inconsistent with that case law, or are incomplete, the allegations are denied.

23.     The allegations in Paragraph 23 consist of legal claims or arguments to which no response is required. To the extent a response is required, the allegations are denied.

24.     The allegations in Paragraph 24 consist of legal claims or arguments to which no response is required. To the extent a response is required, the allegations are denied.

25.     The allegations in Paragraph 25 consist of legal claims or arguments to which no response is required. To the extent a response is required, the allegations are denied.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant admits that its packaging for its GUANTANAMERA cigar product, used outside the United States, includes an abstract image evocative of a guitar, and otherwise denies the allegations in Paragraph 27, including the factual allegations in footnote 3 to Paragraph 27. Plaintiff's allegations in footnote 3 regarding "reserve[ing] its rights" consist of legal argument to which no response is required. To the extent a response is required, the allegations are denied.

28.     Defendant admits that its website contains the words quoted in Paragraph 28, and further states that the quotation is incomplete and out of context, including that Plaintiff omits the following words: "The song became an international success in the 1960's representing the image of Cuba around the world." The remaining allegations in Paragraph 28 consist of legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

29.     Defendant admits that its website contains the words quoted in Paragraph 29. Defendant denies the remaining factual allegations in Paragraph 29, and no response is required to the legal arguments in Paragraph 29. To the extent a response is required, the allegations are denied.

30.     The allegations in Paragraph 30 consist of legal arguments, including mischaracterizations of the TTAB decision, to which no response is required. To the extent a response is required, the allegations are denied.

31.     The allegations in Paragraph 31 consist of legal arguments, including mischaracterizations of the TTAB decision, to which no response is required. To the extent a response is required, the allegations are denied.

32. The allegations in Paragraph 32 consist of legal arguments, including mischaracterizations of the TTAB decision and the record, to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations in Paragraph 33 consist of legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

34. The allegations in Paragraph 34 consist of legal arguments, including mischaracterizations of the TTAB decision and the record, to which no response is required. To the extent a response is required, the allegations are denied.

35. The allegations in Paragraph 35 consist of legal arguments, including mischaracterizations of the TTAB decision and the record, to which no response is required.

36. The allegations in Paragraph 36 consist of a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations in Paragraph 37 consist of a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

38. The allegations in Paragraph 38 consist of a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations in Paragraph 39 consist of a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

40. Defendant admits that Plaintiff seeks a declaratory judgment in its favor in Paragraph 40, denies that Plaintiff is entitled to same, and otherwise denies the allegations in Paragraph 40.

41.     Defendant admits that Plaintiff seeks a declaratory judgment in its favor in Paragraph 41, denies that Plaintiff is entitled to same, and otherwise denies the allegations in Paragraph 41.

42.     Defendant admits the allegation in Paragraph 42 that there is an actual controversy before this Court, denies that Plaintiff is entitled to a declaratory judgment or has properly pleaded a claim for declaratory judgment relief, and otherwise denies the allegations of paragraph 42.

43.     Defendant denies the allegations in Paragraph 43, in that Paragraph 43 misquotes 28 U.S.C. § 2201(a), and further states that the statute speaks for itself.

44.     The allegations in Paragraph 44 consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

45.     Defendant admits that Plaintiff seeks a declaratory judgment in its favor in Paragraph 45, denies that Plaintiff is entitled to same, and otherwise denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 concerning the reason a provision of the Cuban Assets Control Regulations was promulgated consist of a legal argument to which no response is required.  To extent a response is required, Defendant is without sufficient knowledge to admit or to deny the truth of the allegation as to why that provision of a federal regulation was promulgated, and therefore denies the same.

47.     The allegations in Paragraph 47 consist of legal argument to which no response is required.  To the extent a response is required, the allegations are denied.

48.     The allegations in Paragraph 48 consist of legal argument to which no response is required.  To the extent a response is required, the allegations are denied.

49.     The allegations in Paragraph 49 consist of a legal argument to which no response is required.  To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Section 2(e)(3) of the Lanham Act ("the Act"), 15 U.S.C. § 1052(e)(3), bars the registration in the USPTO of Plaintiff's applied-for mark, as the TTAB held.

### Third Affirmative Defense

Section 2(a), (e)(1) of the Act, 15 U.S.C. § 1052(a), (e)(1), bars the registration in the USPTO of Plaintiff's applied-for mark, as pled in Defendant's Notice of Opposition, which the TTAB did not separately address.

### Fourth Affirmative Defense

Plaintiff's applied-for mark is barred from registration in the USPTO on the ground that Plaintiff made a false, material misrepresentation to the USPTO, when it stated to the USPTO that its applied-for mark had no English meaning or translation, as pled in Defendant's Notice of Opposition, which the TTAB did not address.

### Fifth Affirmative Defense

Because Plaintiff's applied-for mark is barred from registration in the USPTO, Plaintiff is not entitled to a declaratory judgment that its mark is "suitable" for registration, as pled in Count II of Plaintiff's Amended Complaint/Appeal.

### Sixth Affirmative Defense

Because Plaintiff's applied-for mark is primarily geographically deceptively misdescriptive under section 2(e)(3) of the Act, 15 U.S.C. § 1052(e)(3), Plaintiff is not entitled to a declaratory judgment that "its common law rights" in the mark "are fully enforceable," as pled in Count II of Plaintiff's Amended Complaint/Appeal.

### Seventh Affirmative Defense

Because Plaintiff's applied-for mark constitutes a false or misleading description and/or representation of fact that misrepresents the geographic origin of Plaintiff's goods under section 43(a) of the Act, 15 U.S.C. § 1125(a), Plaintiff is not entitled to a declaratory judgment that "its common law rights" in the mark "are fully enforceable," as pled in Count II of Plaintiff's Amended Complaint/Appeal.

### Eighth Affirmative Defense

Plaintiff is barred by the doctrines of waiver and estoppel from challenging Defendant's statutory standing to bring the underlying Opposition proceeding under section 13(a) of the Act, 15 U.S.C. § 1063(a), including on the grounds alleged in Count III of Plaintiff's Amended Complaint/Appeal.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

Plaintiff fails to state a claim for this Court to "reverse" the TTAB's evidentiary rulings.

## Eleventh Affirmative Defense

The Amended Complaint/Appeal consists in substantial part of legal contentions and arguments, including mischaracterizations of the TTAB's Opinions and the record before the TTAB, which constitute improper redundant and immaterial matter under Fed. R. Civ. P. 12(f).

WHEREFORE, Defendant Corporacion Habanos, S.A. demands that:

1.    Plaintiff's claims be dismissed with prejudice.

2.    The judgment of the TTAB sustaining Defendant's Opposition and refusing

       registration to Plaintiff's applied-for mark be affirmed.

3.    Plaintiff's requests for declaratory and other relief be denied.

4.    Such other relief as this Court finds appropriate.


Dated: June 17, 2008

Respectfully submitted,

_____

DAVID B. GOLDSTEIN (D.D.C. Bar # NY0034)
RABINOWITZ, BOUDIN, STANDARD, KRINSKY
  & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006-1901
(212) 254-1111
dgoldstein@rbskl.com
*Attorneys for Opposer Corporation Habanos, S.A.*
