UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUANTANAMERA CIGAR CO., | : |
| Plaintiff, | : |
| | : |
| v. | :   CASE NO.  08-721 (RCL) |
| | : |
| CORPORACION HABANOS, S.A., | : |
| | : |
| Defendant. | : |

## DEFENDANT'S APPLICATION FOR COURT-ORDERED ATTORNEY'S FEES AND COSTS AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 7 and 37 of the Federal Rules of

Civil Procedure, and Local Rule 7, and the August 18, 2009 Memorandum Opinion and Order of

this Court [D.E. 48, 49], Defendant Corporacion Habanos, S.A. ("Defendant"), by and through

undersigned counsel, hereby moves this Court (the Honorable Royce C. Lamberth, Chief Judge,

presiding) for an award of reasonable attorney's fees and costs to its counsel in the amount of

$$16,615.00 in fees and $439.79 in expenses in connection with Defendant's Motion to Compel,

to Preclude and for Sanctions [D.E. 19] and Reply [D.E. 28], and in support thereof, Defendant

states as follows:

## BACKGROUND FACTS

In its Memorandum Opinion and Order of August 18, 2009 [D.E. 48, 49], the Court

granted Defendant's Motion to Preclude, to Compel and for Sanctions [D.E. 19] ("Motion"), and

ordered as follows: "(5) Pursuant to Fed R. Civ. P. 37(a)(5) and (c)(1)(A), plaintiff shall pay

defendant's reasonable attorney's fees and costs for bringing this motion." [D.E. 49].[1]  One of

---

[1]  The Order did not specify the time for the fee application.  Defendant notes that the fee order in *DL v. District of Columbia*, 251 F.R.D. 38, 50 (D.D.C. 2008) provided for 10 days (14 calendar days) to file the

the main issues in contention concerned Plaintiff's failure to comply with its Initial Disclosure obligations. The Court found that Plaintiff's Initial Disclosures regarding potential witnesses "were evasive and entirely out of touch with the spirit of the Federal Rules. By no stretch of the imagination can it be said that plaintiff made those disclosures after a reasonable inquiry, nor did defendant at any time in the discovery process have enough information to know which depositions would actually be needed." Mem. Op. at 5-6; *id.* at 8 (concluding that "plaintiff acted in bad faith"). Further, either Defendant prevailed on every Interrogatory and Document Request to which Plaintiff had failed to respond, *or* Plaintiff only agreed to provide the requested discovery *after* the Motion was filed. *Id.* at 9-10. The Court did not find that any of Plaintiff's failures and refusals to produce were "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

As set forth in the accompanying Declaration of David B. Goldstein and Exhibits thereto, Defendant's reasonable attorney's fees for which it seeks compensation in bringing the Motion and Reply were $13,810.00, $2,805.00 for the fee application, and its reasonable expenses were $439.79.

## ARGUMENT

If a motion to compel "is granted – *or if the disclosure or requested discovery is provided after the motion was filed* – the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A) (emphasis added), unless one of the exceptions stated in that rule is found to apply. No such exceptions were found here. "The purpose of the rule is 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence

---

fee application; *see Jackson v. CCA of Tennessee*, 254 F.R.D. 135, 140 (D.D.C. 2008) (Lamberth, C.J.) (same). Likewise, Rule 54(d)(2)(B) provides for 14 days after final judgment to bring a fee application. This application is filed 14 days after the Memorandum Opinion and Order.

of such a deterrent.'" *DL v. District of Columbia*, 256 F.R.D. 239, 242 (D.D.C. 2009) (Lamberth, C.J.) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court has already determined that an award of fees and expenses is warranted.

"The initial estimate for attorneys' fees is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. A strong presumption exists that the product of these two variables – the "lodestar figure" – represents a reasonable fee." *Id.* (internal quotations, citations, footnote omitted). The $425 per hour fee is plainly a reasonable rate for Defendant's counsel, who has been an attorney for over twenty years, has extensive federal litigation experience, and academic and professional credentials commensurate with far higher billing rates in New York or Washington. *See* Goldstein Decl. ¶¶ 2-6.

First, the rate is significantly below the $465/hour standard updated *Laffey* matrix rate recently applied by this Court in *DL*. *See DL*, 256 F.R.D. at 242-43 & n.5; Goldstein Decl. ¶ 7, Ex. A. The $400 rate for 2008 is likewise far below the standard *Laffey* matrix rate of $440.

Second, the rate is presumptively reasonable, as it reflects the rate actually billed to Defendant. Goldstein Decl. ¶ 7, Ex. B. "[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Kattan ex rel. Kattan* v. *District of Columbia*, 995 F.2d 274, 278 (D.C.Cir.1993) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). Counsel's rate is clearly within a reasonable range for attorneys of like experience. *See, e.g., Woodland v. Viacom Inc.*, 255 F.R.D. 278, 280-81 (D.D.C. 2008) (finding rate of $586.50/hr reasonable, including because that is rate market will bear).

Third, the rate is at the low end of the rate that Defendant's counsel normally charges clients. *See* Goldstein Decl. Ex. 7.

The number of hours is likewise reasonable. First, time spent in good faith efforts attempting to achieve compliance with discovery obligations without Court intervention is compensable. *See DL*, 256 F.R.D. at 244-45 (citing *Whatley v. District of Columbia*, 224 F.Supp.2d 62, 65 (D.D.C. 2002). The 7.9 hours attempting to obtain compliance, including the letters of August 18, 2008 and March 17, 2009, the discovery conferences and drafting the Protective Order, are well within reason, and were pursued in a good faith effort to avoid litigation, particularly given the fact that Plaintiff repeatedly promised to comply with its discovery obligations, and in fact never refused to comply; it simply never complied. *See* Motion, at 3-6 (describing good faith efforts to obtain compliance); Mem. Op. at 8 (referencing Aug. 18 letter); Goldstein Decl. ¶ 8, Ex. B.

Second, the 17.8 hours for which counsel seeks compensation to prepare the Motion (approximately two days of one attorney's time), and 7.0 hours for the Reply (less than a full day of one attorney's time) is plainly reasonable. The Motion and Reply addressed several issues of non-compliance with Initial Disclosure obligations; and numerous Interrogatory and Document Requests, as well as addressing the good faith efforts to obtain compliance. The Memorandum of Law and Exhibits reasonably addressed the relevant legal and factual issues. Defendant either prevailed on *every issue, or* Plaintiff agreed to produce the requested information after the Motion was filed, which itself justifies an award of fees. *See* Fed. R. Civ. P. 37(a)(5)(A). Further, the Reply addressed numerous issues raised in Plaintiff's 18 page response and approximately 150 pages of exhibits.

All the work on the Motion and Reply was handled by one attorney, who is the attorney who has been primarily involved with this matter since the TTAB proceeding, including all the discovery issues, so there has been no duplicative or overlapping billing, overstaffing, or learning curve on any of the issues. Goldstein Decl. ¶¶ 9-11, Ex. B.

In addition, counsel has carefully reviewed each time entry for the Motion and Reply and has reduced each time entry in which any other matters related to this case are included to make a very conservative allocation of time to the Motion. Goldstein Decl. ¶ 12, Ex. B. Counsel acknowledges that many of the time entries for the Motion contain what has been described as "block billing," and counsel has aggressively reduced the hours to reflect this fact. As a result of these reductions, the time *for which compensation is sought* is not only significantly below the actual time expended, but clearly reasonable for the tasks of preparing the Motion and Reply and the results achieved. *Smith v. District of Columbia*, 466 F.Supp.2d 151, 158 (D.D.C. 2006) (reviewing block-billing and determining not to reduce hours on that basis, "the ultimate inquiry is whether the total time claimed is reasonable," quoted in *DL*, 256 F.R.D. at 246). Further, counsel has not sought compensation for several entries for research in this matter in March. Goldstein Decl. ¶ 12, Ex. B.

Third, counsel seeks compensation for 6.6 hours for preparing this fee application, including the Goldstein Declaration and Exhibits. Goldstein Dec. ¶ 14, Ex. D. The time spent preparing a fee application in discovery disputes is plainly compensable. *See DL*, 256 F.R.D. at 245 (reducing claim for $70,000 in fees for preparing fee application in discovery dispute). Here, in contrast to *DL*, the fee application fees are modest, commensurate with the work and issues at stake and reasonable. Counsel has not sought any fees related to time spent reviewing and reducing the time entries. Goldstein Decl. ¶ 14.

Fourth, counsel seeks compensation for Westlaw research in the amount of $265.87, for research done on April 17 and 21 for the Motion, and for $173.92 in connection with research for this fee application.  The Westlaw records showing that research are annexed as Exhibit C and as part of Exhibit D to the Goldstein Declaration (matter 890.03).  Defendant has not sought compensation for Westlaw research in March, which included research into other issues in this action, and for other matters for the same client.

## CONCLUSION

For the reasons set forth herein, and on all the prior papers and proceedings had herein, Defendant Corporacion Habanos, S.A. respectfully requests that its Application For Court-Ordered Attorney's Fees And Costs be granted in the amount of $16,615.00 in fees and $439.79 in expenses.

Dated: New York, New York
September 1, 2009

RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.

By: _____
DAVID B. GOLDSTEIN
111 Broadway – Suite 1102
New York, New York 10006-1901
(212) 254-1111
*Attorneys for Defendant*
*Corporacion Habanos, S.A.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUANTANAMERA CIGAR CO., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.  08-721 (RCL) |
| CORPORACION HABANOS, S.A., | : | |
| Defendant. | : | |

THIS CAUSE came before the Court on the Application of Defendant Corporacion Habanos, S.A. for Court-Ordered Attorney's Fees and Costs ("Application") (D.E. [__]), filed on September 1, 2009, and brought pursuant to the Court's Memorandum Opinion and Order, dated August 18, 2009 [D.E. 48, 49].  Upon review of this Application, the court file and applicable law, it is hereby:

ORDERED AND ADJUDGED that, good cause having been shown, the Application is hereby GRANTED as follows:

Plaintiff shall pay to Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., counsel for Defendant ("Rabinowitz, Boudin"), its reasonable attorney's fees in the amount of $16,615.00 and $439.79 in expenses within 30 days of the date of this Order.

DONE AND ORDERED in Chambers, the District of Columbia this __ day of _____, 2009.

_____
Royce C. Lamberth
Chief Judge, United States District Court
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUANTANAMERA CIGAR CO., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.  08-721 (RCL) |
| CORPORACION HABANOS, S.A., | : | |
| Defendant. | : | |

**DECLARATION OF DAVID B. GOLDSTEIN IN SUPPORT OF FEE APPLICATION**

I, DAVID B. GOLDSTEIN, an attorney duly admitted to the practice of law in the State

of New York and in this Court, declare as follows:

1.      I submit this declaration in support of the Application of Defendant Corporacion

Habanos, S.A. ("Defendant") For Court-Ordered Attorney's Fees And Costs pursuant to the

Court's Order and Memorandum Opinion of August 18, 2009 [D.E. 48, 49] in the above-

captioned action.

2.      I have been a member of the law firm of Rabinowitz, Boudin, Standard, Krinsky

& Lieberman, P.C. ("Rabinowitz, Boudin") since July 1, 1999.  I am a member in good standing

of the Bars of the State of New York (since October 1986), this Court (since March 2003), the

United States Supreme Court, the United States Courts of Appeals for the District of Columbia,

Second, Fourth, Fifth, Eighth, Ninth, Eleventh, and Federal Circuits, and the United States

District Courts for the Southern, Eastern and Northern Districts of New York.  I have been lead

and primary counsel in this matter throughout the proceedings in the Trademark Trial and

Appeal Board and before this Court.

3.      I graduated *magna cum laude* from Harvard Law School in 1985, where I was a Member and Articles Editor of the *Harvard Law Review*.  Upon graduation, I served as a Law Clerk to the Honorable James L. Oakes of the United States Court of Appeals for the Second Circuit.  Following that Clerkship, I was hired as the Karpatkin Fellow at the American Civil Liberties Union in New York City for one year.  After my Fellowship, I was an Associate Attorney with Rabinowitz, Boudin in New York City from 1987-92.  From 1992-96, I was an Associate Attorney at the New York office of Weil, Gotshal & Manges, LLP.  From 1996-99, I was an Assistant Professor of Law at South Texas College of Law in Houston, Texas, where I taught Federal Civil Procedure, Constitutional Law, and Professional Responsibility.  In the 2000-01 academic year, I was an Adjunct Professor of Law at Fordham Law School, where I taught first year Federal Civil Procedure.

4.      I re-joined Rabinowitz, Boudin as a Member of the firm on July 1, 1999, and presently am one of four Members of the firm.  Rabinowitz, Boudin and I are involved in litigation primarily in the areas of intellectual property, international law, constitutional law, civil liberties, and representation of artists and artist's estates, almost exclusively in the federal courts. The law firm is frequently involved in complex, novel, and precedent setting litigation in both the District Courts and the Courts of Appeals, including in intellectual property, international law, and civil liberties matters.

5.      At Rabinowitz, Boudin, in addition to my other litigation practice, I have represented the trademark and related intellectual property interests of Defendant Corporacion Habanos, S.A. and certain other Cuban entities in the United States for many years, in both the federal courts and the United States Patent and Trademark Office, including before the Trademark Trial and Appeal Board ("TTAB").

6.      As a result of my extensive federal court litigation practice at both Rabinowitz, Boudin and Weil Gotshal, as well as teaching Federal Civil Procedure and Professional Responsibility, I have extensive experience and knowledge regarding discovery practice and discovery disputes in the federal courts.

7.      My hourly rate for this case, which I have billed to my client, is $425.00 per hour in 2009, and $400.00 per hour in 2008.  This rate is at the very low end of my standard hourly rate, which ranges from $425-$525 per hour in 2009.  This rate is also significantly below the rate charged by attorneys with my experience and academic and professional credentials both in New York City and Washington, D.C.  My $425 and $400 hourly rates are also well below the $465/hour standard *Laffey* matrix index rate for attorneys in Washington, D.C. in 2009 with over 20 years experience ($440/hour in 2008), as maintained by the Civil Division of the United States Attorney's Office ("USAO Index"), *see* Exhibit A, annexed hereto, and recently applied by this Court in *DL v. District of Columbia*, 256 F.R.D. 239, 243 & n.5 (D.D.C. 2009).

8.      Rabinowitz, Boudin seeks compensation for 7.9 hours of my time, 3.3 hours at $400/hr and 4.6 hours at $425/hr, or $3,270, related to efforts to obtain compliance by Plaintiff with its discovery obligations without the need for court intervention, from August 18, 2008 through March 17, 2009.  *See* Exhibit B (computerized time records).  These repeated, good faith efforts included the letter of August 18, 2008, cited by the Court, Memorandum Opinion, at 7-8; the comprehensive 4-page letter of March 17, 2009, addressing open discovery issues; drafting the Protective Order demanded by Plaintiff as a condition for producing documents, although Plaintiff failed to produce any "confidential" documents subsequent to the Court entering the Protective Order on January 22, 2009 [D.E. 16]; and a series of discovery conferences in December, January and February that were ultimately futile in obtaining compliance.  *See*

Defendant's Memorandum in Support of Motion, at 3-6, and Exhibits cited therein [D.E. 19, 19.1] (describing Defendant's efforts to obtain Plaintiff's compliance with discovery obligations). Rabinowitz, Boudin *does not* seek compensation for preparing the First Set of Interrogatories, although they were necessitated in substantial part by Plaintiff's violation of its Initial Disclosure obligations. The time reflects a reduction of the March 17 time entry from 3.5 to 2.0 hours to reflect an unrelated entry for "emails re: depos" (which in fact took far less than 1.5 hours).

9.      Rabinowitz, Boudin seeks compensation for 17.8 hours of my time at \$425/hr, or \$7565.00, to prepare the Motion to Compel, to Preclude and For Sanctions, including Memorandum in Support and Exhibits. *See* Exhibit B. The Court ruled in Defendant's favor on each discovery matter raised, *or* Plaintiff agreed to produce in response to the Motion, for which Rabinowitz, Boudin is also entitled to fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court did not find that any of Plaintiff's failures were "substantially justified." The time for which compensation is sought for researching, reviewing Plaintiff's discovery responses, drafting and editing the Motion and preparing the Exhibits (approximately two full days of one attorney's time for all work on the Motion) is fair and reasonable in light of the extent of Plaintiff's non-compliance with numerous discovery obligations. No other attorneys worked on the matter, so there was no duplicative or overlapping work, or excessive staffing.

10.     Rabinowitz, Boudin seeks compensation for 7.0 hours of my time at \$425/hr, or \$2975.00, to prepare the Reply in Support of the Motion. The time for which compensation is sought for the Reply (less than one full day of one attorney's time) is also fair and reasonable to respond to Plaintiff's 18-page argument addressing multiple issues and exhibits containing over 150 pages.

11.     Exhibit B is a true and accurate copy of the final detailed billing records provided to the client for August 2008 through May 2009, for which Rabinowitz, Boudin seeks compensation, with redactions and handwriting as described below.   The time records are recorded and maintained through the firm's computerized TABS billing system.   Entries that are unrelated to the Motion or pre-Motion efforts to achieve compliance have been redacted, as have the billing totals.   The handwritten notations are described in para. 12, *infra*.   The billing records are recorded contemporaneously by the attorneys.   At the end of the month, the firm exercises billing judgment, and the total hours on this matter are generally reduced by several hours.

12.     Because other discovery related matters in this action were ongoing during the time that I prepared the Motion and Reply, many of the time entries from March to May 2009 also show time for other work in this case.   In each such case, I have carefully examined the entry, emails associated with the entry, and other papers related to the entry, and have made a good faith reduction of the total time to make a very conservative allocation of the time spent on the Motion and Reply.   Where there is more than one task in the entry, I have underlined the entries related to the Motion (often shown as "MTC"), and I have handwritten the time spent on this Motion adjacent to the computerized time entry.   In addition, I have not included the time for several entries in March, in which I worked on the Motion, particularly research, but in which that work was a intermixed with other work, including other research on this case generally.   In those cases, I have left in the entry showing work on the Motion or Reply, but have deleted the time involved.

13.     I have carefully reviewed the total time allocated to the Motion and Reply, and can state unequivocally that the time for which Rabinowitz, Boudin seeks compensation is significantly less than the total time I spent preparing the Motion and Reply.

14.     Rabinowitz seeks for $265.87 for WESTLAW computer-assisted legal research on April 17 and 21 in preparing the Motion. *See* Exhibit C, annexed hereto.

15.     Rabinowitz, Boudin seeks compensation for 6.6 hours of my time at $425/hr, or $2,805.00, to prepare this fee application, which is also compensable, and $173.92 for Westlaw computer-assisted legal research. *See* Exhibit D, annexed hereto. The time for which compensation is sought for this fee application, including drafting this Declaration, preparing the accompanying motion, research, and reviewing time records (less than one day of one attorney's time) is also fair and reasonable. I have not billed for any time related to reviewing the time entries and making reductions as set forth in para. 12.

16.     As set forth above, Rabinowitz, Boudin seeks a total of $16,615.00 in attorney's fees and $439.79 in expenses for the pre-motion efforts, the Motion, Reply and fee application.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 1st day of September, 2009
New York, New York

DAVID B. GOLDSTEIN
RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.
111 Broadway, 11th Floor
New York, New York 10006-1901
(212) 254-1111

**EXHIBIT A**



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

SEARCH

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

### LAFFEY MATRIX 2003-2010

(2009-10 rates are unchanged from 2008-09 rates)

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 |
|---|---|---|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 |

Years

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. See, e.g., 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). See Laffey, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in Laffey were for work done principally in 1981-82. The Matrix begins with those rates. See Laffey, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated Laffey Matrix was implicitly endorsed by the Court of Appeals in Save Our Cumberland Mountains v. Hodel, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated Laffey Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See Covington v. District of Columbia, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995),

**EXHIBIT B**

Habanos, S.A.                                                                    Account No.    890.03

## DETAILED BILLING INFORMATION

Guantanamera (TTAB)

Previous Balance

Fees

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| 08/18/2008 |  |  |  |  |
| DG | letter to counsel re: R. 26(f) deficiencies | 400.00 | 0.30 | 120.00 |
|  | For Current Services Rendered From 08/01/2008 Through 08/31/2008 |  |  |  |
|  | Total Current Work and Expenses |  |  |  |
|  | Balance Due for Work Performed and Expenses Incurred |  |  |  |

Habanos, S.A.                                                      Account No.   890.03

## DETAILED BILLING INFORMATION

Guantanamera (TTAB)

Previous Balance

Fees

|  | | | Rate | Hours | |
|---|---|---|---|---|---|
| 12/09/2008 | | | | | |
| DG | review, mark up PI discovery responses, for disc. conf., email FH | | 400.00 | 0.80 | 320.00 |
| 12/12/2008 | | | | | |
| DG | email exch w/FH re: discovery conf, review disc responses | | 400.00 | 0.50 | 200.00 |
| 12/15/2008 | | | | | |
| DG | Discovery conference w/G. Sardinia; review disc. responses for Conf, mark up TTAB protective Order | | 400.00 | 1.70 | 680.00 |

Page   1

Habanos, S.A.                                                                  Account No.    890.03

## DETAILED BILLING INFORMATION

Guantanamera (TTAB)


Previous Balance

<u>Fees</u>


| 01/09/2009<br>DG | Telephone conference with Sardino re: discovery issues | 425.00 | 0.40 | 170.00 |
|---|---|---|---|---|
| 01/12/2009<br>DG | emails re: disc. conf w/G Sardino, postp. by Sardino | 425.00 | 0.20 | 85.00 |
| 01/13/2009<br>DG | disc. conference w/G Sardino, review docs for conf | 425.00 | 0.50 | 212.50 |
| 01/15/2009<br>DG | review, edit prot. order, email PO to Sardino | 425.00 | 0.50 | 212.50 |
| 01/20/2009<br>DG | email to GS re: draft PO; disc. issues | 425.00 | 0.30 | 127.50 |
| 02/24/2009<br>DG | review discovery disputes, Telephone conference with Sardino email: discovery issues | 425.00 | 0.40 | 170.00 |


For Current Services Rendered from 01/01/2009 through 02/28/2009

Habanos, S.A.                                                    Account No.    890.03

# DETAILED BILLING INFORMATION

Guantanamera (TTAB)

Previous Balance

<u>Fees</u>

|  | | Rate | Hours | |
|---|---|---|---|---|
| 03/16/2009 DG | review discovery responses re: letter for motion to compel | 425.00 | 0.30 | 127.50 |
| 03/17/2009 DG | <u>draft and send discovery demand letter to P. counsel;</u> emails re: depos; <u>review docs produced; responses to doc</u> <u>requests</u> | 425.00 | 2.0 ~~3.50~~ | 1,487.50 |
| 03/20/2009 DG | emails w/FH re: Fl. action, settlement, discovery status, W/DE re: doc discovery needs; mtc research, review discovery issues | | | |

Habanos, S.A.

Guantanamera (TTAB)

Page: 2
April 10, 2009
Account No:     890-03
Statement No:      19885

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|

03/23/2009

DG   Gutin, Delgado subp; <u>MTC research,</u> review discovery
demands, conf MK, docs from DE

03/25/2009

DG   Telephone conference with w/FH re: discovery, PI proposal,
<u>research for Motion to compel;</u> Gutin subp.; emails re: docs;
conf MK re: traqnsfer issue; Lamberth decision re: ttab
review

03/31/2009
DG   <u>research, draft motion to compel, review discovery
responses,</u> documents, email w/ Sardino        425.00     3.50     1,487.50

~~3.50~~     *3.0*

For Current Services Rendered from 03/01/2009 through 03/31/2009

Habanos, S.A.                                                        Account No.    890.03

## DETAILED BILLING INFORMATION

Guantanamera (TTAB)


Previous Balance

<u>Fees</u>

|            |    |                                                                                                          | Rate   | Hours |          |
|------------|----|----------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 04/01/2009 |    |                                                                                                          |        |       |          |
|            | DG | draft, edit, motion to compel, review documents                                                          | 425.00 | 1.80  | 765.00   |
| 04/10/2009 |    |                                                                                                          |        | *1.0* |          |
|            | DG | emails w/Habanos, DE re: discovery requests, potential settlement; work on doc/int requests, <u>draft facts for MTC</u> | 425.00 | ~~2.50~~ | 1,062.50 |

Habanos, S.A.

Guantanamera (TTAB)

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| 04/17/2009 | | | | |
| DG | discovery, email FH, MTC, edit, research | 425.00 | 3.0 ~~4.00~~ | 1,700.00 |
| 04/20/2009 | | | | |
| DG | edit mtc, exhibits, discovery responses | 425.00 | 2.50 | 1,062.50 |
| 04/21/2009 | | | | |
| DG | edit, research MTC, prepare exhibits, order, check cases; discovery responses, doc reviews; emails re: discovery, case status | 425.00 | 3.0 ~~4.80~~ | 2,040.00 |
| 04/22/2009 | | | | |
| DG | edit, research, finalize, file MTC and exhibits, proposed order; discovery responses, doc prod. | 425.00 | 3.5 ~~4.50~~ | 1,912.50 |

Habanos, S.A.

Page: 2
June 10, 2009
Account No:        890-03
Statement No:        20277

Guantanamera (TTAB)

| | | | | Rate | Hours | |
|---|---|---|---|---|---|---|
| 05/18/2009 | | | | | | |
| | DG | review docs from Habanos, from GCC; emails; start draft reply on MTC | | 425.00 | ~~1.50~~ *0.5* | 637.50 |
| 05/19/2009 | | | | | | |
| | DG | draft resp to RTAs, review GCC doc prod received today; emails w/DE re: Habanos documents; draft reply on MTC, review GCC docs referenced in oppo to MTC | | 425.00 | ~~5.70~~ *1.5* | 2,422.50 |
| 05/20/2009 | | | | | | |
| | DG | draft, edit, research Reply MTC, document issues, emails re: docs | | 425.00 | ~~3.70~~ *3.0* | 1,572.50 |

Habanos, S.A.

Guantanamera (TTAB)

Page: 3
June 10, 2009
Account No:      890-03
Statement No:     20277

| | Rate | Hours | |
|---|---|---|---|

05/22/2009

DG    edit, finalize file Reply on MTC, Telephone conference with Sardino re: subp; email memo to/from Sardino re: depos; conf MK re: DE subp; research atty subp; emails; draft, research edit response to Motion to Amend; draft, edit RTAs, review docs.     425.00    ~~5.30~~ *2.0*    2,252.50

**EXHIBIT C**

**Account:** RABINOWITZ BOUDIN STANDARD ET AL, NEW YORK NY
(1000664444)
**Date Range:** April 01, 2009 - April 30, 2009
**Report Format:** Summary-Account by Client by User by Day

| Account by Client by User by Day | Database Time | Transactions | Docs/Lines | Connect Time | Standard Charge | Special Pricing Charge | Tax Amount | Total Charge |
|---|---|---|---|---|---|---|---|---|

Account: **1000664444**

User Name GOLDSTEIN,DAVID B (2166368)

| | | | | | | |
|---|---|---|---|---|---|---|
| Day 04/17/2009 | | | | | | |
| Totals for Included | 13 | 3 | $453.75 | $167.02 | $13.98 | $181.00 |
| Totals for Day 04/17/2009 | 13 | 3 | $453.75 | $167.02 | $13.98 | $181.00 |
| Day 04/21/2009 | | | | | | |
| Totals for Included | 11 | 3 | $212.75 | $78.31 | $6.56 | $84.87 |
| Totals for Day 04/21/2009 | 11 | 3 | $212.75 | $78.31 | $6.56 | $84.87 |

265.87

**EXHIBIT D**

Habanos, S.A.                                                          Account No.    890.03

## DETAILED BILLING INFORMATION

Guantanamera (TTAB)

Interim Statement

Previous Balance

### Fees

|            |    |                                                                                                                           | Rate   | Hours |          |
|------------|----|---------------------------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 08/28/2009 |    |                                                                                                                           |        |       |          |
|            | DG | Fee Application on Motion to compel:  research re: rates, comp. time; Laffey index, review hours, draft declaration        | 425.00 | 2.20  | 935.00   |
| 08/31/2009 |    |                                                                                                                           |        |       |          |
|            | DG | draft fee application, edit Goldstein Decl for application, research re fee rate, comp, prepare exhibits                    | 425.00 | 2.70  | 1,147.50 |
| 09/01/2009 |    |                                                                                                                           |        |       |          |
|            | DG | edit, finalize, file fee application, declaration, exhibits                                                                | 425.00 | 1.70  | 722.50   |
|            |    | For Current Services Rendered from 08/28/2009 through 09/01/2009                                                           |        | 6.60  | 2,805.00 |
|            |    | Total Current Work and Expenses                                                                                           |        |       | 2,805.00 |
|            |    | Balance Due for Work Performed and Expenses Incurred                                                                       |        |       |          |

**Account:** RABINOWITZ BOUDIN STANDARD ET AL, NEW YORK NY (1000664444)

**Date Range:** August 01, 2009 - August 31, 2009

**Report Format:** Summary-Account by Client by User by Day

| Account by Client by User by Day | Database Time | Transactions | Docs/Lines | Connect Time | Standard Charge | Special Pricing Charge | Tax Amount | Total Charge |
|---|---|---|---|---|---|---|---|---|

Account: **1000664444**

| | | | | | |
|---|---|---|---|---|---|
| Day 08/28/2009 | | | | | |
| Totals for Included | 18 | 13 | $860.25 | $137.69 | $12.22 | $149.92 |
| Totals for Day 08/28/2009 | 18 | 13 | $860.25 | $137.69 | $12.22 | $149.92 |
| Day 08/31/2009 | | | | | |
| Totals for Included | 5 | 5 | $137.75 | $22.05 | $1.96 | $24.00 |
| Totals for Day 08/31/2009 | 5 | 5 | $137.75 | $22.05 | $1.96 | $24.00 |