## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**GUANTANAMERA CIGAR CO.,**               )
                                          )
                 **Plaintiff,**           )
                                          )
            **v.**                        )        **Civil Action No. 08-0721 (RCL)**
                                          )
**CORPORACION HABANOS, S.A.,**            )
                                          )
                 **Defendant.**           )
_____)


## MEMORANDUM OPINION

This matter comes before the Court on the defendant's Application [51] for Court-Ordered Attorney's Fees and Costs as well as plaintiff's motion for reconsideration of the Court's August, 18, 2009, order awarding attorney's fees and costs.  Upon consideration of defendant's Application [51], plaintiff's Response [58] thereto, defendant's Reply [64] brief, plaintiff's Motion for Reconsideration [59], defendant's opposition [64], plaintiff's reply [65] thereto, the applicable law, and the entire record herein, the Court concludes that the defendant's motion will be GRANTED and plaintiff's motion will be DENIED.  The Court's reasoning is set forth below.

## BACKGROUND

This case came before the Court for a *de novo* review of an Order issued by the Trademark Trial and Appeal Board ("TTAB") on February 29, 2008, denying plaintiff Guantanamera Cigar Company's application for a U.S. trademark.  The application was opposed by defendant Corporacion Habanos, S.A..  Ultimately, the TTAB found plaintiff's mark geographically deceptively misdescriptive.  86 U.S.P.Q.2d 1473, 1479 (T.T.A.B. 2008).  After

the TTAB's ruling plaintiff filed this case.

For over a year now, plaintiff and defendant have been in a discovery process battle, failing to cooperate.  Plaintiff gave defendant a list of thousands of possible persons or companies that may serve as witnesses, without providing names and addresses.  (Def.'s Mot. to Preclude, Compel, and for Sanctions Ex. B at 2-3.)  Although plaintiff narrowed the possible categories, plaintiff still provided a list of fifty-six potential witnesses stating the lists "include, but are not limited to" those specific persons or companies.  (Def.'s Mot. Ex. E at 2-8.)  After attempting for months to obtain compliance without court intervention, defendant then moved to preclude plaintiff from using any witnesses from the large categories provided by plaintiff because plaintiff did not adhere to a reasonable inquiry and the specific requirements of the Fed. R. Civ. P.  (Memo. Op. at 2, Aug. 18, 2009; *see also* Def.'s Mot. at 1-6.)  Even after a Protective Order was requested and issued by the Court, plaintiff still failed to respond to various interrogatories and document requests.  (Def.'s Mot. at 5.)

On April 22, 2009 defendant filed a Motion to Preclude, Compel, and for Sanctions with the Court.  (Def.'s Mot. to Preclude, Compel and for Sanctions.)  Then on August 18, 2009 the Court ordered that plaintiff pay defendant's reasonable attorney's fees and costs for filing the Motion to Preclude, Compel, and for Sanctions and the Reply.  (Order at 3, Aug. 18, 2009.)  The Court also limited plaintiff to 15 witnesses or of the list of 56 persons, those that plaintiff has actually interviewed (whichever is greater).  (*Id.* at 2.)  Plaintiff was further limited to paying up to $500 in reasonable expenses for each deposition that defendant completed, up to 15 depositions.  (*Id.*)  In response to that Order defendant filed this Application asking for $16,615.00 in fees and $439.79 in Westlaw research expenses.  (Def.'s Application for Court-Ordered Fees and Costs at 1.)  The fees are for hours spent trying to obtain compliance, writing

the entire motion, writing the reply, and for writing the application for fees.  (*Id.* at 4-5.)  The

associated costs are for Westlaw research completed for the motion and the application.  (*Id.* at

6.)

## DISCUSSION

### I. The Fees are Reasonable

Defendant's Application for attorney's fees shall be granted because the fees stated and

hours worked are reasonable.  This Court has the authority to determine the applicable fee.  "If

the motion [for an Order Compelling Disclosure or Discovery] is granted—or if the disclosure or

requested discovery is provided after the motion was filed—the court must, after giving an

opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Fed. R. Civ. P. 37(a)(5)(A).  The Court has already determined that an award is necessary in this

case.  (Memo. Op. at 9, Aug. 18, 2009; Order at 2-3, Aug. 18, 2009.)  Therefore, the Court need

not look today at whether plaintiff's actions justify ordering attorney fees, that has already been

decided, the Court need only look at whether the fees requested by defendant are *reasonable*.

#### a. The Order and Memorandum are Not Conflicting

Plaintiff argues that defendant's request for $16,615.00 in application fees and $437.79

for costs is unreasonable for a variety of reasons.  (Pl.'s Resp. and Mot. for Recons. at 7-8.)

Plaintiff argues that the Court's Order and accompanying Memorandum Opinion are potentially

conflicting.  (*Id.* at 7.)  The Court's August 18, 2009 Order [49] ordered that "the Motion to

Preclude, to Compel and for Sanctions [19] is GRANTED as follows: . . . 5) Pursuant to Fed. R.

Civ. P. 37(a)(5) and (c)(1)(A), plaintiff shall pay defendant's reasonable attorney's fees and costs

for bringing this motion."  (Order at 2-3, Aug. 18, 2009.)  The Memorandum Opinion [48] issued

the same day states that "[p]laintiff will also pay defendant's reasonable attorney's fees for the filing of the Motion to Preclude and the Reply, as stated above."  (Memo. Op. at 9, Aug. 18, 2009.)  Plaintiff argues that there is confusion between these two documents, claiming the Order [49] is "vague" and asks the Court to clarify.  (Pl.'s Resp. and Mot. for Recons. at 7.)  Plaintiff advances that defendant's requested payment is unreasonable because only time spent on the *motion to preclude* and not the *motion to compel* should be included.  (*Id.*)  However, it seems clear that the Court awarded attorney fees and expenses associated with the entire Motion to Preclude, to Compel and for Sanctions [19] in both the Order and the accompanying Memorandum Opinion.  In both documents the Court granted defendant's "Motion to Preclude, Compel, and for Sanctions" which asks for fees associated with the entire motion.  (Memo. Op. at 9, 14, Aug. 18, 2009; Order at 2-3, Aug. 18, 2009; Def.'s Application for Court-Ordered Att'ys Fees and Costs at 1.)  In the Order the Court stated, "[i]t is further ORDERED that the Motion to Preclude, to Compel and for Sanctions [19] is GRANTED as follows: . . . plaintiff shall pay defendant's reasonable attorney's fees and costs for bringing this motion."  (Order at 2-3, Aug. 18, 2009.)  Again, the Court granted the entire motion, not part of the motion as the Court did not break down the motion into sections in the Order but kept the entire motion together.  (*Id.*)  Further, Fed. R. Civ. P. 37(a)(5), which was addressed in the Order, specifically applies to motions to compel.  (Def.'s Application for Court-Ordered Att'ys Fees and Costs at 3-4.)  The accompanying Memorandum Opinion also applies to both the motion to compel and the motion to preclude despite the statement on page 9 that "[p]laintiff will also pay defendant's reasonable attorney's fees for the filing of the Motion to Preclude and the Reply" because page 14 clarifies that the entire Motion to Preclude, Compel, and for Sanctions is  granted.  (Memo.

Op. at 9, 14, Aug. 18, 2009.)  Nowhere in the opinion does the Court attempt to separate the

motion.  (*Id.* at 1-14.)

### b. The Claimed Hours Worked are "Reasonable"

The hours defendant spent working on the motion and reply are reasonable.  Defendant

spent 7.9 hours trying to obtain compliance with plaintiff before going to the Court, 17.8 hours

working on the Motion, 7 hours working on the Reply, and 6.6 hours working on the fee

application.  (*Id.* at 4-5.)  "A party is only entitled to compensation for the work that is 'useful

and of a type ordinarily necessary' to secure the final result obtained from the litigation."

*Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 561 (1986) (*quoting*

*Webb v. Board of Ed. of Dyer County*, 471 U.S. 234, 243 (1985)) (discussing some reasonable

compensable fees).  In the determination of whether hours are reasonable, a fee petitioner must

provide detailed documentation that supports its request.  *See National Ass'n of Concerned*

*Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); *see also Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983) (explaining evidence must be submitted that supports the

hours worked).  "The district court can exercise discretion in reducing the fee award by specific

amounts in response to specific objections." *DL v. Dist. of Columbia*, 256 F.R.D. 239, 243

(D.D.C 2009) (Lamberth, C.J.); *see alsoDonnell v. United States*, 682 F.2d 240, 250 (D.C. Cir.

1982).

Further, defendant prevailed on all issues on the motion.  A court must take into account

the relationship between the results obtained and the fee awarded, excluding fees when the

applicant did not prevail in the litigation.  *See INS v. Jean*, 496 U.S. 154, 163 n.10 (1990).  No

reductions need to be taken for any part of the motion because defendant prevailed on all issues.

(Order at 1-3, Aug. 18, 2009.)  Therefore, fees associated with the entire motion may be

considered.  This includes fees associated with pre-motion billing and billing associated with the application for fees.

In an effort to obtain compliance defendant worked with plaintiff to obtain a protective order.  Good faith efforts to obtain compliance without court intervention are potentially compensable.  *See Whatley v. District of Columbia*, 224 F.Supp.2d 62, 66 (D.D.C. 2002) ("Fees incurred in negotiating the protective order [are] as legitimate as the fees claimed for other work . . . ."); *see also DL v. District of Columbia*, 256 F.R.D. 239, 244-45 (D.D.C. 2009) (Lamberth, C.J.) (awarding "fees "for plaintiffs' attempts to resolve the discovery dispute.").  Fees associated with the Protective Order are reasonable because the Protective Order was prepared at "Plaintiff's insistence as a condition for its voluntary compliance with document requests . . . and that, after this Court signed the Protective Order, Plaintiff continued to refuse to produce the documents until the Motion was brought."  (Def.'s Reply in Supp. of Application for Court-Ordered Att'ys Fees and Costs at 2-3.)  In addition, this Court has held that it is reasonable to require the payment of attorney fees associated with the creation of the application for fees if the hours worked and the fees charged are reasonable.  *See, e.g.*, *Fabi Constr. Co. v. Sec'y of Labor*, 541 F.3d 407, 414 (D.C. Cir. 2008) (allowing hours of attorney time spent on fee application but reducing the time to a "reasonable" amount); *American Wrecking Corp. v. Sec'y of Labor*, 361 U.S. App. D.C. 97, 364 F.3d 321, 331 (D.C. Cir. 2004) (allowing attorney fees associated with the application for fees); *DL v. Dist. of Columbia*, 256 F.R.D. 239, 245 (D.D.C 2009) (Lamberth, C.J.) (reducing hours spent working on a fee petition to a reasonable amount).  Again, these are reasonable times to allot to the various work products.  Plaintiff does not argue in its brief that the time spent is unreasonable.  (Pl.'s Resp. and Mot. for Recons. at 7-8.)

c. Fee Rates are "Reasonable"

Defendant's fee rates are reasonable.  A reasonable billing rate for an attorney is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Defendant charged $425 an hour for work completed in 2009 and $400 for work completed in 2008.  (Def.'s Application for Court-Ordered Att'ys Fees and Costs at 3.)  Both rates are $40 less than the *Laffey* Matrix for a similarly situated attorney.  (*Id.* Ex. A.)  Plaintiff points out that a junior associate could have done some, if not all of the work.  (Pl.'s Resp. and Mot. for Recons. at 8.)  However, defendant's attorney works in a small practice where they do not readily have associates to hand the work off to.  (Def.'s Reply in Supp. of Application for Court-Ordered Att'ys Fees and Costs at 5.)  Therefore, the fee rate is reasonable.[1]

## II. Award is Not Unjust

Plaintiff argues that the fees requested are unreasonable because the award of expenses is unjust.  (Pl.'s Resp. and Mot. for Recons. at 4-8.)  The Court must not order payment of fees for a Fed. R. Civ. P. 37 violation if one of three circumstances exists.  Fed. R. Civ. P. 37(a)(5)(A). Plaintiff argues that "other circumstances make an award of expenses unjust" in this case.  Fed. R. Civ. P. 37(a)(5)(A)(iii); (Pl.'s Resp. and Mot. for Recons. at 4.)  The Court previously made no such finding and fails to make such a finding today.  Plaintiff argues that "the preclusion of witnesses is one of the strongest deterrents to any such future conduct" and that a monetary penalization would be duplicative, unnecessary, and unjust.  (Pl.'s Resp. and Mot. for Recons. at 4-6.)  Plaintiff elaborates that it has already been forced to reduce the number of witnesses from 15 to 2 because of the cost of paying defendant up to $500 for each deposition.  (*Id.*)  This issue

---

[1] Plaintiff also argues that other fee awards in the district are significantly lower.  (Pl.'s Resp. and Mot. for Recons. at 8.)  The actual value other cases award is a *non-sequitur*.  Other cases have awarded higher fees as well.  (Def.'s Reply in Supp. of Application for Court-Ordered Att'ys Fees and Costs at 6.)

was previously addressed by the Court when the Court determined that fees were justified on top of the preclusion of witnesses.  (Order, Aug. 18, 2009.)

Plaintiff states that it would be unable to pay such a high fee and would therefore be forced to abandon this case.  (Pl.'s Resp. and Mot. for Recons. at 4-6.)  Plaintiff's litigation tactics up to this point have not demonstrated that plaintiff is unable to pay reasonable attorney's fees.  Plaintiff could have avoided this issue altogether by cooperating with defendant's counsel during the discovery process so that the motion to preclude, compel, and for sanctions would never have been necessary.  When plaintiff chooses to take on litigation such as this kind, plaintiff may be forced to pay the consequences.

## III.  Westlaw Fee

The Westlaw fee for costs associated with the motion is also reasonable.  The Court stated that plaintiff would be responsible for costs associated with bringing this motion as well as attorney's fees.  (Order at 3, Aug. 18, 2009.) Defendant completed research for the Motion in the amount of $265.87 on April 17 and 21, and researched the fee application for $173.92.  (Def.'s Application for Court-Ordered Att'ys Fees and Costs at 6.)

## IV. OFAC Approval

Plaintiff also raises the issue that Part 500 et seq., Cuban Assets Control Regulations, of the Code of Federal Regulations which "restrict or otherwise regulate the transfer of United States funds to Cuba and Cuban nationals" may prohibit the transfer of funds from plaintiff to defendant.  (Pl.'s Resp. and Mot. for Recons. at 8-14.)  In order to prevent future problems, the Court will enter an Order conditioned upon the OFAC either issuing a license authorizing payment or advising the parties that no such license is required.  (Def.'s Reply in Supp. of Application for Court-Ordered Att'ys Fees and Costs at 12-13.)  Defendant will be responsible

for filing the OFAC's position.  (*Id.* at 16.)  Upon the filing, plaintiff's payment will be due within 30 days—the Court will not issue a stay of payment of fees pending appeal.

**IV.  Motion To Reconsider**

The Court will deny plaintiff's Motion for Reconsideration of the Court's August 18, 2009 Memorandum Opinion and Order.  Plaintiff specifically states two reasons for the motion: (1) payment of fees may not comply with OFAC regulations, and (2) the fees are duplicative and harsh under the circumstances.  (Pl.'s Mot. for Recons. at 2.)  For the reasons stated above, *supra* sections II, IV, this motion will be DENIED.

## <u>CONCLUSION</u>

For the above stated reasons, defendant's Application will be GRANTED.  Further, plaintiff's Motion for Reconsideration will be DENIED.

Signed by Royce C. Lamberth, United States District Judge, on December 10, 2009.