## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                   )
**GUANTANAMERA CIGAR CO.,**          )
                                                   )
     **Plaintiff,**          )
                                                   )
     **v.**          )  **Civil Action No. 08-0721 (RCL)**
                                                   )
**CORPORACION HABANOS, S.A.,**          )
                                                   )
     **Defendant.**          )
_____)


### MEMORANDUM OPINION

  This matter comes before the Court on the defendant's Motion [54] to Dismiss Counts IV, V, VI of the Second Amended Complaint.  Upon consideration of defendant's Motion [54], plaintiff's Response [61] thereto, defendant's Reply [66] brief, the applicable law, and the entire record herein, the Court concludes that the defendant's motion will be GRANTED.  The Court's reasoning is set forth below.

### BACKGROUND

  This case came before the Court for a *de novo* review of an Order issued by the Trademark Trial and Appeal Board ("TTAB") on February 29, 2008, denying plaintiff Guantanamera Cigar Company's application for a U.S. trademark.  The application was opposed by defendant Corporacion Habanos, S.A..  Ultimately, the TTAB found plaintiff's mark geographically deceptively misdescriptive and denied registration of plaintiff's mark.  86 U.S.P.Q.2d 1473, 1479 (T.T.A.B. 2008).  After the TTAB's ruling plaintiff filed this civil suit in this Court.

  On May 12, 2009 plaintiff filed its Second Amended Complaint [25].  The Second

Amended Complaint alleged three new counts claiming defendant is engaging in and has engaged in infringing activity—these are the counts now opposed by defendant.  (Second Am. Compl. ¶¶ 67-89.)  The claims are (1) Count IV, Unfair Competition Under 15 U.S.C. §1125(a)(1)(A), (2) Count V, Dilution by Tarnishment Under 15 U.S.C. §1125(c), and (3) Count VI, Common Law Trademark Infringement.  (*Id.*)  Plaintiff voluntarily withdrew Count V without objection by defendant on September 24, 2009.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 2.)

Plaintiff alleges that defendant (1) "launched an advertising campaign for its 'GUANTANAMERA' products," knowingly advertising under the same "mark in cigar publications which are distributed and sold in the United States," and (2) advertised its 'GUANTANAMERA' brand cigars in the European Cigar Cult Journal which is distributed and circulated through the United States.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 3-4.)  Further, plaintiff alleges that defendant's products are sold on several websites that claim they will deliver "anywhere in the world," including the United States, thus causing confusion between defendant's 'GUANTANAMERA' products and plaintiff's 'GUANTANAMERA' products.  (*See* Second Am. Compl. ¶ 52; *see also* Def.'s Mot. to Dismiss Counts IV, V, VI at 4 (noting that plaintiff's products are referenced on these websites as well).)  Defendant argues that plaintiff has failed to provide sufficient evidence to prove that defendant used its products in U.S. commerce.  (*See* Def.'s Mot. to Dismiss Counts IV, V, VI at 2.)

## DISCUSSION

"When considering a motion under Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead 'enough facts to state a claim for relief that is plausible on its face.'" *Zelaya v. UNICCO Service Co.*, 587 F.Supp.2d 277, 282 (D.D.C. 2008) (Lamberth, C.J.)

(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); (*see also* Def.'s Mot. to Dismiss Counts IV, V, VI at 6.)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).  The Court must construe the counts in the light most favorable to the plaintiff.  *See Twombly*, 550 U.S. at 555 (explaining that the court must assume that all of plaintiff's allegations are true even if this is unlikely).  However, a plaintiff needs more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950.  "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff['s] favor, the court finds that the plaintiff[] has  failed to allege all the material elements of [his] cause of action." *Weyrick v. New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted).  For multiple reasons the Court finds that plaintiff has failed to plead enough factual content to find defendant is liable for the alleged misconduct.

## I. Count IV

Count IV alleges that defendant's activities in the advertisement of its 'GUANTANAMERA' mark constitute unfair competition under the Lanham Act.  Plaintiff has failed to provide sufficient evidence to prove two necessary elements; (1) "use in commerce" and (2) likelihood of confusion.  In addition, plaintiff has not provided enough factual content to show defendant's actions would produce substantial effects on U.S. commerce to justify an extraterritorial application of the Lanham Act.

### a. Failure to Satisfy all Elements

Plaintiff alleges that "[d]efendant's advertising under the 'GUANTANAMERA' mark in cigar industry magazines with United States circulation constitutes unfair competition in

violation of Section 43(a) of the Lanham Act . . . ."  (Second Am. Compl. ¶ 71.)  Section 43(a),

15 U.S.C. §1125(a)(1)(A) makes it actionable when, "[a]ny person . . . uses in commerce any

word, term, name . . . or false designation of origin, false or misleading description of fact, or

false or misleading representation of fact, which—(A) is likely to cause confusion . . . ."  15

U.S.C. §1125(a)(1)(A).  Therefore, in order to meet this threshold the defendant must have used

the 'GUANTANAMERA' mark in commerce.  *See id.* §1125(a)(1).  As defined by §1127 of the

Act, the word "commerce" means "all commerce which may lawfully be regulated by

Congress."  *Id.* §1127.  The term "use in commerce"

> means the bona fide use of a mark in the ordinary course of trade, and not made merely to
> reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in
> use in commerce— (1) on goods when— (A) it is placed in any manner on the goods or
> their containers or the displays associated therewith or on the tags or labels affixed
> thereto, or if the nature of the goods makes such placement impracticable, then on
> documents associated with the goods or their sale, and (B) the goods are sold or
> transported in commerce, and (2) on services when it is used or displayed in the sale or
> advertising of services and the services are rendered in commerce, or the services are
> rendered in more than one State or in the United States and a foreign country and the
> person rendering the services is engaged in commerce in connection with the services.

*Id.* §1127.  Plaintiff must prove that the defendant (1) used a designation or false designation of

origin, (2) in interstate commerce, (3) in connection with goods or services, (4) the designation is

likely to cause confusion, and (5) plaintiff already has been or is likely to be damaged.  *See* 5 J.

THOMAS MCCARTHY, *McCarthy on Trademarks and Unfair Competition* § 27:13 (2009 ed.).

Defendant argues that plaintiff has failed to plead two essential elements of its claim by

(1) failing to allege any acts that constitute "use in commerce" and (2) failing to plead a

likelihood of confusion.  (*See* Def.'s Mot. to Dismiss Counts IV, V, VI at 15; Def.'s Reply in

Supp. of Def.'s Mot. to Dismiss Counts IV, V, VI at 3.)

i. Use in Commerce

The crux of the argument revolves around whether plaintiff must prove more than mere advertising in foreign periodicals to constitute "use in commerce."  Plaintiff advances that "[a]ll that is required is that the infringing trademark is advertised in such a manner as to have an effect on United States commerce."  (Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 4.)  However, many courts have held that advertising alone is not enough to constitute trademark infringement without the addition of sales or transport of the trademark in commerce.  *See, e.g.*, *Buti v. Perosa, s.r.l.*, 139 F.3d 98, 105 (2d Cir. 1998) ("[T]he mere advertising or promotion of a mark in the United States is insufficient to constitute 'use' of the mark 'in commerce,' within the meaning of the Lanham Act."); *Int'l Bancorp, LLC v. Societe Des Bains de Mer*, 329 F.3d 359, 364 (4th Cir. 2003) ("Because a mark is used in commerce only if it accompanies services rendered in commerce, *i.e.*, it is employed appurtenant to an established business or trade that is in commerce, 'mere advertising' of that mark does not establish its protectibility . . . .").

Plaintiff does not claim that defendant sold its 'GUANTANAMERA' products within the United States but instead claims that defendant's advertisements, in foreign periodicals and its products appearance on websites, satisfies a claim for unfair competition.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 3-4.)  Plaintiff claims that "the infringement provision in section 32 explicitly contemplates the possibility that use of a mark in connection with the advertising of goods might give rise to liability, notwithstanding that the section 45 definition of 'use in commerce' provides that advertising of goods is insufficient use to acquire trademark rights."  (Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 5.)  Defendant, however, maintains that "cases are uniform and clear that advertising of a foreign mark does not constitute use in commerce, even for service marks, and even when the alleged infringer

5

specifically targets a U.S. audience, unless accompanied by sales or transport of the trademark in commerce." (Def.'s Mot. to Dismiss Counts IV, V, VI at 16.) The Court agrees with defendant that case law dictates that more than mere advertising is needed to constitute unfair competition. The Lanham Act specifically states that when goods are at issue the goods must be "sold or transported in commerce." *See* 15 U.S.C. §1127. Plaintiff essentially relies on three cases to argue that defendant's limited advertisements constitute "use in commerce." All these cases can be differentiated from the facts here. *See New West Corp. v. NYM Co., Inc.*, 595 F.2d 1194, 1199 (1979) (relying on the "transported in commerce" prong to hold that placing the mark "on the displays associated with [the] proposed publication [of the magazine, which] consists of the 430,000 solicitations mailed to perspective [*sic*] customers in California with the 'New West' logo prominently displayed inside and out" constitutes "transported in commerce"); *Chance v. Pace-Tel Teletrac, Inc.*, 242 F.3d 1151, 1159-60 (9th Cir. 2001) (involving a service mark which 15 U.S.C. § 1127 specifically states advertising can constitute "use in commerce"); *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733 (2d Cir. 1994) (describing a massive advertising campaign with events that all occurred in the United States). Although there may be extreme circumstances where advertising could reach such a level as to constitute "use in commerce" this Court does not need to address this issue at this time.

Again, plaintiff has not alleged that defendant sold cigars in the United States, only that a foreign advertisement can be obtained in the United States. Plaintiff cannot rely on single instances of advertisements to make a claim for unfair competition as this does not reach facial plausibility that defendant is launching an advertising campaign aimed at U.S. consumers. In fact, the advertisement is in a European magazine in the German language. (Def.'s Reply in Supp. of Def.'s Mot. to Dismiss Counts IV, V, VI at 5.) Even viewing the facts in the light most

favorable to plaintiff, plaintiff has not demonstrated that the defendant could be responsible for a Lanham Act violation as its factual allegations are wholly inadequate.  Plaintiff has not shown that defendant's 'GUANTANAMERA' products were used in commerce in the United States. Advertising in a German magazine does not constitute "use in commerce."  Third party use of defendant's 'GUANTANAMERA' mark is also insufficient.  Relying on a website where both products can be purchased does not satisfy the threshold requirement of "facial plausibility." Plaintiff has failed to allege all the material elements of its cause of action; therefore, the count should be dismissed under Rule 12(b)(6).  *Cf. Weyrick*, 235 F.3d at 623.

### ii. Likely to Cause Confusion

Further, plaintiff has failed to plead facts sufficient to prove that confusion is likely from defendant's activities.  In recent years, the trend has been towards requiring a demonstration of at least a minimum of credibility to survive a motion to dismiss.  *See Tooley v. Apolitano*, No. 07-5080, slip op. at 8 (D.C. Cir. Nov. 17, 2009) (finding the facts were "patently insubstantial" warranting dismissal); *see also Iqbal*, 129 S. Ct. at 1950 (ruling you need more than "a sheer possibility that a defendant has acted unlawfully").  Plaintiff relies on *Sterling* where the court states that [e]ven though Bayer AG did not sell any aspirin under the 'Bayer' mark in the United States, there were sufficient competitive possibilities between the two companies to support Judge Ward's finding that the proximity of products factor favored Sterling's claim of likely confusion."  14 F.3d at 742.  There is no such proximity of the products in this case.

Plaintiff relies on the argument that one German-language ad in a European journal and a Canadian website that references both parties' products suffice to create a likelihood of confusion.  (*See* Def.'s Reply in Supp. Of Def.'s Mot. to Dismiss Counts IV, V, VI at 3.) Although there are other websites that offer both plaintiff's 'GUANTANAMERA' branded

products and defendant's 'GUANTANAMERA' branded products this does not constitute unfair competition by defendant.  As an example, the website www.absolutecigars.com clearly states where each cigar is made, creating no confusion as to whose product it is.  Plaintiff has ultimately failed to plead any facts to show a plausibility of a likelihood of confusion between the products, a necessary element of both the "unfair competition" and "trademark infringement" claims.  As of 2002 defendant "held registrations or applications for 'GUANTANAMERA' in over 75 countries throughout the world, and [defendant] produced extensive evidence regarding its world-wide sales (excluding the U.S. because of the embargo) . . . ."  (Def.'s Mot. to Dismiss Counts IV, V, VI at 3.)   Therefore, defendant's products would likely be found on foreign websites.  The customer should know whose product they are buying.  Although there is potential that some sales are being made in the United States, potentially with defendant's knowledge, there are not enough sales to show a substantial effect on United States commerce.  In addition, the websites were not created or run by defendant.  Therefore, another essential element of a section 43 claim, demonstrating a likelihood of confusion, has not been met, justifying dismissal under Rule 12(b)(6).

> b. Extraterritorial Applicability

Plaintiff's argument also fails because the Court does not yet have the authority to interfere.  To apply the Lanham Act to a foreign entity the Court would need to determine if there was even a "substantial effect" on United States commerce.  "Though Congress did not intend the Lanham Act to be used as a sword to eviscerate completely a foreign corporation's foreign trademark, it did intend the Act to be used as a shield against foreign uses that have significant trademark-impairing effect on American commerce."  *Sterling Drug*, 14 F.3d at 746.  It is true that a "United States District Court has jurisdiction to award relief to an American

corporation against acts of trade-mark infringement and unfair competition consummated in a foreign country by a citizen and resident of the United States." *See Steele v. Bulova Watch Co., Inc.*, 344 U.S. 280, 281, 285 (1952) (discussing how the Court must view all the activities as a whole to see if they "fall within the jurisdictional scope of the Lanham Act").  In each case, the question that must be addressed, however, is "'whether Congress intended to make the law applicable' to the facts of this case." *See id.* at 281, 285-86 (noting both parties were either a United States citizen or corporation—no foreign entities were involved even though some activities occurred in a foreign nation) (internal citation omitted).

When looking at the extraterritorial application of the Lanham Act as applied to "foreign activities of foreign defendants in American courts," plaintiff even stated, the Lanham Act is appropriate "only if the complained of activities have a *substantial* effect on United States commerce, viewed in light of the purposes of the Lanham Act." *See Cecil McBee v. Delica Co., Ltd.*, 417 F.3d 107, 110 (1st Cir. 2005) (emphasis added).  Although the Supreme Court has not yet ruled on when the Lanham Act is applicable to foreign entities, the First Circuit did rely on the Supreme Court's interpretation of the Sherman Act's applicability, finding extraterritorial application is appropriate when the actions were "meant to produce and did in fact produce some *substantial* effect in the United States." *See id.* at 119 (*quoting Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 796 (1993)) (emphasis added).

Plaintiff relies on *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733 (2d Cir. 1994) to argue that advertisements are sufficient to constitute infringement—satisfying both the "use in commerce" and the likely confusion standards—in the U.S. even if the defendant did not actually sell its products in the U.S.  (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, VI at 7-8.) However, even if plaintiff's argument were correct and it was true that advertising alone is

sufficient to constitute "use in commerce," *Sterling Drug* specifically states that the court may

issue injunctions for extraterritorial actions "to prohibit only those foreign uses of the mark . . .

that are likely to have significant trademark-impairing effects on United States commerce."

*Sterling*, 14. F.3d. at 747.  The court found "significant" effects to include the aggregated

activities of "obtaining federal registration for the 'Bayer' mark for industrial and agricultural

chemicals and related products," advertising these products in trade journals, renaming

Rhinechem to 'Bayer USA Inc.,' "conduct[ing] a corporate 'image' campaign, placing a total of

67 advertisements in the *Wall Street Journal*, *Forbes*, *Fortune*, *Business Week*, and the 'Business

World' section of the *Sunday New York Times*," sponsor[ing] international medical symposia in

the United States—freely using its name,  sponsoring theater, opera, concert, and dance

performances, and erecting billboards with the word "Bayer" on them, among other activities.

*Id.* at 738 (finding that "defendants began to make extensive use of the 'Bayer' name and

mark").  Defendant has not engaged in the extensive use of the 'GUANTANAMERA' mark and

comes nowhere near the activities in *Sterling Drug*.  In fact, plaintiff fails to provide evidence of

any activity on the part of defendant other than advertising its brand of cigars in a foreign

magazine.  There was no "substantial effect" on commerce in the United States to justify this

Court interfering with a foreign entity's use of the mark.

c. Contributory Infringement

Plaintiff's argument that defendant's products can be found by U.S. citizens on various

websites is not enough to show contributory infringement of the 'GUANTANAMERA' mark.

On various websites plaintiff provides evidence that entering through the site a customer can

click on links that take you to 'HABANOS UNIQUE SINCE 1492' and then a few further links

will allow a customer to purchase defendant's 'GUANTANAMERA' products.  (*See* Pl.'s Resp.

to Def.'s Mot. to Dismiss Counts IV, V, VI at 10-14.)  These accusations alone do not indicate

contributory infringement.  Contributory infringement holds a manufacturer or distributor liable

for the infringing activities of others if they (1) intentionally induce another to infringe, or (2)

continue to supply its products to someone who they know or have reason to know may be

engaging is trademark infringement.  *See Inwood Lab, Inc. v. Ives Lab, Inc.*, 456 U.S. 844, 853-

54 (1982).  Plaintiff has not pleaded adequate facts to demonstrate factual plausibility to satisfy

either of the above requirements.

d. Advertising other Various 'HABANOS' Products

The Court agrees with defendant that the discussion concerning defendant's registered

mark 'HABANOS UNICOS DESDE 1492' is irrelevant to plaintiff's claim of trademark

infringement of its 'GUANTANAMERA' mark.  (*See* Def.'s Reply in Supp. of Def.'s Mot. to

Dismiss Counts IV, V, VI at 10-13.)

## II. Count V

Count V was voluntarily dismissed by plaintiff [62] on September 24, 2009.  Therefore,

this Count will not be addressed.

## III. Count VI

The only difference in plaintiff's pleadings for Count VI and Count IV is that plaintiff

argues under Count VI that defendant engaged in unfair competition in violation of common law

principles protecting trademarks and under Count IV plaintiff argues defendant violated Section

43(a) of the Lanham Act.  (Second Am. Compl. ¶¶ 67-74, 82-89.)  Plaintiff admits that the

common law infringement claim has the same elements of the unfair competition claim.  (*See*

Pl.'s Resp. to Def.'s Mot. to Dismiss Counts IV, V, IV at 18.)  Therefore, for the same reasons

stated under Count IV, plaintiff's Count VI fails to state a cause of action and must be dismissed under Rule 12(b)(6).

## **CONCLUSION**

For the above stated reasons, defendant's Motion will be GRANTED.  In addition to the voluntarily dismissed Count V, Count IV and VI will be dismissed by the Court for failure to state a cause of action.

Signed by Royce C. Lamberth, United States District Judge, on December 10, 2009.