UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**GUANTANAMERA CIGAR CO.,**         )
    Plaintiff,    )
                                    )
    v.            )    Civil Action No. 08-721 (RCL)
                                    )
**CORPORACION HABANOS, S.A.,**      )
    Defendant.    )
                                    )
_____)

## MEMORANDUM AND ORDER

On August 5, 2010, this Court ordered, *inter alia*, that plaintiff show cause within ten days of the order "as to why it should not be held in civil contempt for violating the Court's order [71] Dec. 10, 2009." (Order at 1, Aug. 5, 2010, ECF No. 136.) Plaintiff filed its response to the Court's order on August 16 (ECF No. 138), and defendant replied to plaintiff's response on September 2 (ECF No. 141).

This show cause order stemmed from two pending motions: (1) Plaintiff's Motion for Enlargement of Time to Comply with the Court's December 10, 2009 Order, or Aletrnatively [sic] Relief from and Modification of the Order (Apr. 1, 2010, ECF No. 82), and (2) Defendant's Motion for Civil Contempt and for Sanctions (Apr. 9, 2010, ECF No. 107).

Upon consideration of Defendant's Motion for Civil Contempt and for Sanctions (ECF No. 107), the opposition thereto (ECF No. 112), and the reply brief (Notice of Filing, ECF No. 121), the Court will grant the motion for the reasons stated below.

Upon consideration of Plaintiff's Motion for Enlargement of Time to Comply with the Court's December 10, 2009 Order, or Aletrnatively [sic] Relief from and Modification of the

1

Order (ECF No. 82); the opposition thereto (ECF No. 107), and reply brief (ECF No. 112), the Court will deny the motion for the reasons stated below.

Based upon the representations in all of these motions, and both parties' responses to the Court's show cause order, the Court will hold plaintiff in civil contempt and order plaintiff to pay the remaining balance of the sanction forthwith. Furthermore, if plaintiff does not file proof of compliance with this order in thirty days, the Court will dismiss this case and vacate its previous summary judgment order (ECF No. 136).

## I.  BACKGROUND

The Court set out the facts of this case in more detail in its August 5 order, so the Court will repeat only the relevant facts here. On August 18, 2009, the Court granted defendant's Motion to Preclude, to Compel and for Sanctions (ECF No. 19), ordering plaintiff to pay "defendant's reasonable expenses for depositions of up to 15 of the listed witnesses, up to $500 per deposition," and to "pay defendant's reasonable attorney's fees and costs for bringing this motion." (Order at 2–3, Aug. 18, 2009, ECF No. 49.) The Court later ordered that reasonable attorney's fees consisted of "$16,615.00 plus $439.79 in expenses," thus totaling $17,054.79. (Order at 1, Dec. 10, 2009, ECF No. 71.) The Court conditioned payment on approval by the Office of Foreign Assets Control of the United States Department of Treasury (OFAC) and set the deadline for payment at thirty days after the defendant filed notice of OFAC approval. (*Id.*) Defendant filed notice of OFAC's approval on March 1, 2010, giving the plaintiff until March 31, 2010, to tender payment. (Def.'s Notice at 1, Mar. 1, 2010, ECF No. 78.) In this notice, defendant indicated that plaintiff was also responsible for payment of $1,000 for the costs associated with two depositions. (*Id.* at 2.) In total, plaintiff was thus responsible for paying $18,054.79 to defendant.

2

On March 31, defendant's counsel received a personal check from plaintiff's counsel in the amount of $5,000. (Def.'s Mot. for Civil Contempt at 5, Apr. 9, 2010, ECF No. 107.) On April 1, plaintiff filed a Motion for Enlargement of Time to Comply with the Court's December 10, 2009 Order, or Aletrnatively [sic] Relief from and Modification of the Order. (Apr. 1, 2010, ECF No. 82.) The motion proposed a payment plan consisting of four equal monthly payments of $2,600 and a final payment of $2,654.79, which would pay off the remaining $13,054.79 balance. (*Id.* at 2.) On April 9, defendant filed a Motion for Civil Contempt and for Sanctions. (Apr. 9, 2010, ECF No. 107.)

Since this time, despite tailoring a custom payment plan, plaintiff has failed to make any monthly payments. (Def.'s Reply Mem. Supp. Mot. Civil Contempt at 2.) In its Court-ordered response, plaintiff now concedes its failure to make any payments and proposes a new payment plan, which would consist of payments of "the remaining balance in 10 equal monthly installments with the first one being September 1, 2010." (Aug. 18, 2010, ECF No. 138.) In its September 2 filing, defendant did not indicate whether plaintiff had paid the promised September 1 installment. (Def.'s Opp'n, Sept. 2, 2010, ECF No. 141.) In the absence of any filings indicating that plaintiff has begun making payments, the Court must assume that plaintiff has not yet made a payment. Furthermore, on October 18, counsel for defendant orally confirmed that plaintiff has not made a payment since March.

## II. LEGAL STANDARD

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006). This power is "essential to the enforcement of the judgments [and] orders . . . of the courts," *Broderick*, 437 F.3d at 1234 (citations omitted),

and it includes enforcement of Court-imposed deadlines, *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009).

The sole purpose of civil contempt sanctions is to "coerce compliance or compensate a complainant for losses sustained," not to punish. *Fannie Mae*, 552 F.3d at 823. "Although one may be held in civil contempt for refusing to comply with a court order, a sanction for one's past failure to comply with an order is criminal in nature." *Cobell v. Norton*, 334 F.3d 1128, 1146–47 (D.C. Cir. 2003).

To satisfy the requirements of contempt, the contemnor must have "violated an order that is clear and unambiguous," and the movant must prove the violation "by clear and convincing evidence." *Broderick*, 437 F.3d at 1234. "[C]ontempt may be inappropriate when a party in good faith substantially complies with a court order." *Fannie Mae* at 822.

A court has the "inherent power to protect its integrity and prevent abuses of the judicial process," including "the use of dismissal or default judgment as a sanction for misconduct." *Webb v. Dist. of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (citations omitted). There are three justifications for this use of a dismissal:

> First the court may decide that the errant party's behavior has severely hampered the other party's ability to present his case—in other words, that the other party has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case. Second, the court may take account of the prejudice caused to the judicial system when the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay. And finally, the court may consider the need to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.

*Id.* (citing *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071 (D.C. Cir. 1986)). A dismissal or default judgment must be "a sanction of last resort, to be used only when less onerous methods . . . will be ineffective or obviously futile." *Id.* (citations omitted). Before dismissing a case, a court must "fully consider[] whether harm caused by a party's misconduct may be rectified by sanctions

short of default" or dismissal. *Id.* at 972. The court must consider dismissal "under the framework set out in *Shea*." *Id.*

## III. ANALYSIS

The Court noted previously that "it is concerned that the plaintiff—the architect of the payment plan—has not made one progress payment to date." (Mem. Opp. at 11, Aug. 5, 2010, ECF No. 137.) Plaintiff has done nothing to alleviate that concern. In its response to the Court's show cause order, plaintiff agrees that it has not made a single payment. (Pl.'s Resp. at 1.) Because plaintiff fully agrees, defendant has proven the violation by clear and convincing evidence. Furthermore, because it has not made a payment other than the $5,000 payment in March, plaintiff has not "substantially" complied with the Court's order.

Plaintiff proposes a new schedule of payments, but the Court is not convinced that plaintiff will comply with that schedule. First, plaintiff's previous failure to pay in this case leads the Court to believe that plaintiff will not pay in the future. Defendant has not alleged any change of circumstances that would facilitate payment of the sanction in the future. Second, plaintiff is not very reassuring when it anticipates the (albeit "highly unlikely") possibility that the checks that it provides to defendant may not clear. (*Id.* at 13.)

Plaintiff's primary concern is that it simply does not have the money to pay this sanction in one payment. Although the Court sympathizes with this concern, plaintiff has had ample time and opportunity to find the funds to pay this sanction. Plaintiff originally had warning of this sanction in August 2009, and the Court confirmed the exact amount of the sanction in December 2009. This Court's order was both clear and unambiguous. Plaintiff then moved for an extension of time to repay the sanction at the beginning of April 2010, promising that the money would be paid in full by August 31, 2010. Defendant failed to comply with this proposal. Thus, despite

plaintiff's full knowledge for more than a year that this money was due, plaintiff still claims an inability to find funds. The Court cannot wait any longer for plaintiff to find the funds, so plaintiff must pay the remaining balance forthwith. The Court will hold plaintiff in civil contempt of Court until it has paid the sanction in full.

Furthermore, if plaintiff does not pay the remaining sanction in thirty days, the Court will vacate its prior summary judgment order (ECF No. 136) and order the case dismissed. Applying the framework set forth in *Shea* and *Webb*, the Court finds that dismissal will be proper under the first and third justifications set forth in *Webb*. 146 F.3d at 971. First, plaintiff's "behavior has severely hampered [defendant's] ability to present his case." *See id.* It is unfair to defendant if plaintiff selectively follows this Court's orders. Plaintiff cannot enjoy the benefit of this Court's order granting summary judgment to plaintiff and denying summary judgment to defendant, while also ignoring the detriment of this Court's order granting sanctions to defendant. Second, dismissal is necessary "to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *See id.* Although dismissal is a sanction of last resort, it is proper here. First, the Court imposed a sanction on plaintiff. Now, plaintiff is in civil contempt of Court, and the Court has threatened plaintiff with dismissal. Hopefully, that civil contempt sanction and threat of dismissal will enforce compliance. But if it does not, then it will be clear that less onerous sanctions are futile and that plaintiff's misconduct cannot be rectified by a sanction short of dismissal. *See id.* at 972. Plaintiff's failure to follow this Court's order is disrespectful, particularly in light of the fact that plaintiff knew about the sanction more than a year ago and has had ample opportunity to pay it.

### IV.     CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED that Defendant's Motion for Civil Contempt and for Sanctions is GRANTED; and it is furthermore

ORDERED that Plaintiff's Motion for Enlargement of Time to Comply with the Court's December 10, 2009 Order, or Aletrnatively [sic] Relief from and Modification of the Order is DENIED; and it is furthermore

ORDERED that the Court holds plaintiff Guantanamera Cigar Co. in civil contempt of Court; and it is furthermore

ORDERED that plaintiff will remain in contempt of Court until the $18,054.79 sanction is paid in full; and it is furthermore

ORDERED that plaintiff pay the remaining $13,054.79 sanction forthwith; and it is furthermore

ORDERED that plaintiff must show proof of compliance with this order within thirty days, proving that it has paid the remaining sanction in full. If plaintiff fails to file this proof of compliance within thirty days, the Court will dismiss plaintiff's case and vacate its previous order granting summary judgment to plaintiff and denying summary judgment to defendant.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on November 5, 2010.